[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10510
Non-Argument Calender
_____

D.C. Docket No. 1:05-cr-20830-PCH-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN GIL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 16, 2012)

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Juan Gil pleaded guilty to one count of conspiracy to distribute crack

cocaine.  The district court concluded that he was a career offender under United

States Sentencing Guidelines § 4B1.1 (Nov. 2005) and for that reason had a guidelines range of 188 to 255 months in prison. The court varied downward and sentenced Gil to 108 months in prison. The Sentencing Commission later issued Amendment 750 to the guidelines, which reduced the base offense levels for crack-cocaine offenses. Gil then filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), which allows a district court to reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The district court denied that motion, and Gil appeals.

The district court did not err because the district court based Gil's prison sentence on his career offender guidelines range. A district court cannot reduce a defendant's sentence under § 3582(c)(2) based on amendments to the base offense levels for crack-cocaine offenses if the district court based the defendant's sentence on his career offender guidelines range. United States v. Moore, 541 F.3d 1323, 1327–30 (11th Cir. 2008). Our holding in Moore controls our decision here.[1]

**AFFIRMED.**

---

[1] Gil argues that the reasoning in the plurality opinion in Freeman v. United States, 564 U.S. —, 131 S.Ct. 2685 (2011), undermines our holding in Moore. It does not, and even if it did, we are not bound by plurality opinions of the Supreme Court. See, e.g., United States v. Gonzalez-Lauzan, 437 F.3d 1128, 1139 n.8 (11th Cir. 2006); Horton v. Zant, 941 F.2d 1449, 1464 n.32 (11th Cir. 1991). We are bound by our holding in Moore.