[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11725
Non-Argument Calendar

_____

D.C. Docket No. 2:03-cr-14082-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON LEROY GRIMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 4, 2012)

Before TJOFLAT, HULL and MARTIN, Circuit Judges.

PER CURIAM:

On April 16, 2003, the District Court, having accepted Leroy Grimes's plea of guilty to possession with intent to distribute five grams or more of crack cocaine, sentenced Grimes to prison for a term of 188 months. The court sentenced him pursuant to U.S.S.G. § 4B1.1 as a career offender, since he had at least two prior felony convictions for a crime of violence or a controlled substance offense, rather than U.S.S.G. § 2D1.1, the guideline applicable to crack cocaine offenses.

On February 21, 2012, Grimes moved the District Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that he should receive a sentence reduction in light of Amendment 750 to the Sentencing Guidelines, which amended U.S.S.G. § 2D1.1 to reduce the base offense levels applicable to crack cocaine offenses. The court denied his motion on the ground that Amendment 750 did not lower Grimes's Guidelines sentence range because he had been sentenced under § 4B1.1, not § 2D1.1, the only guideline the Amendment altered. Grimes now appeals the court's ruling.

In *United States v. Moore*, we held that defendants sentenced as career offenders under § 4B1.1 were not entitled to § 3582(c)(2) sentence reductions because calculation of their Guidelines sentence ranges did not involve the base offense levels prescribed by § 2D1.1. 541 F.3d 1323, 1327-28 (11th Cir. 2008).

2

We noted that a reduction was not permitted where a retroactive amendment lowered only the defendants' base offense level rather than the applicable sentence range. *Id.* at 1330.

In *Freeman v. United States*, the Supreme Court considered whether a defendant who pled guilty pursuant to a Rule 11(c)(1)(C) agreement containing a specific sentencing range was eligible for a § 3582(c)(2) sentence reduction. 564 U.S. at __, 131 S.Ct. 2685, 2690 (2011) (plurality opinion). The Court concluded that when the District Court decided to accept a Rule 11(c)(1)(C) plea based on the sentencing guidelines, the defendant was eligible to request a sentence reduction pursuant to § 3582(c)(2) if a retroactive amendment later lowered the applicable sentencing range. *Id.* at __, 131 S.Ct. at 2695; *see Marks v. United States*, 430 U.S. 188, 193, 97 S.Ct. 990, 993, 51 L.Ed.2d 260 (1977) (quotation omitted) (holding that, when a Supreme Court decision lacks a majority opinion, "the holding of the Court may be viewed as the position taken by those Members who concurred in the judgments on the narrowest grounds"). *Freeman,* however, did not involve a defendant sentenced as a career offender. *See Freeman*, 564 U.S. at __, 131 S.Ct. at 2691-92.

In *United States v. Lawson*, No. 11-15912, manuscript op. (11th Cir. July 13, 2012), we held that *Moore* remains binding precedent in this Circuit because it

3

was not overruled by *Freeman*, as that case did not address defendants whose total offense level was calculated according to the career offender provision, so *Freeman* was not "clearly on point" with *Moore*. *See id.* at 6-7 (citing *Freeman*, 564 U.S. at __, 131 S.Ct. at 2690-2700).   Given our *Lawson* holding, we are obliged to affirm the District Court's ruling.

AFFIRMED.

4