**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2125
_____

UNITED STATES OF AMERICA

v.

AMEEN LEE, a/k/a "MEENIE"

Ameen Lee, Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-02-cr-00172-013)
District Judge: Honorable Stewart Dalzell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 25, 2012

Before: SCIRICA, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

(Opinion filed: September 26, 2012)
_____

OPINION
_____

PER CURIAM

Ameen Lee, a federal prisoner proceeding pro se, appeals from the District Court's

denial of his latest motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For

the reasons that follow, we will affirm.

I.

Because we write primarily for the parties, who are familiar with the background

of this case, we discuss the events leading to this appeal only briefly. In 2004, Lee was

convicted of a firearm offense and several drug offenses involving crack and cocaine. At

sentencing, the District Court determined that the applicable range under the Sentencing

Guidelines for his drug offenses was 135 to 168 months' imprisonment. The court

sentenced him to 135 months' imprisonment on those counts, and imposed a consecutive

60-month prison sentence for the firearm count. On direct appeal, we affirmed Lee's

conviction but vacated his sentence and remanded for resentencing in light of United

States v. Booker, 543 U.S. 220 (2005), which had been decided while his appeal was

pending. On remand, however, Lee withdrew his request for resentencing.

In 2008, Lee, proceeding pro se, filed a § 3582(c)(2) motion to reduce his sentence

based on certain amendments to the Guidelines. The District Court denied the motion,

concluding that he received no benefit from those amendments because they did not

lower his Guidelines base offense level. Lee did not appeal that decision.

In late 2011, Lee filed another pro se § 3582(c)(2) motion, again relying on the

same amendments to the Guidelines. On March 27, 2012, the District Court denied that

motion. This appeal followed.[1]

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because the
District Court's denial of Lee's second § 3582(c)(2) motion was based on legal analysis
and not the court's exercise of discretion, we review its decision de novo. See United
States v. Sanchez, 562 F.3d 275, 277 & n.4 (3d Cir. 2009), overruled on other grounds by

II.

The District Court did not err in denying Lee's second motion to reduce his sentence. To the extent that motion reiterated the claim from his first § 3582(c)(2) motion, the District Court rejected that claim in 2008, Lee did not appeal that decision, and he may not renew that claim here.[2] To the extent his second motion could be interpreted as also relying on Amendment 750 to the Guidelines,[3] we agree with the District Court that he was not entitled to a sentence reduction based on that amendment because that amendment did not lower his guideline range. (See Dist. Ct. Order entered Mar. 27, 2012, at 5-7.) Finally, to the extent Lee contests the amount of drugs used to calculate his base offense level, the District Court correctly noted that § 3582(c)(2) was not the appropriate vehicle to bring that challenge. Lee should have (and certainly could have) included that challenge in his direct appeal.

In light of the above, we will affirm the District Court's March 27, 2012 order denying Lee's second motion to reduce his sentence.

---

Freeman v. United States, 131 S. Ct. 2685 (2011). "We may affirm the district court on any ground supported by the record." Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

[2] Even if that claim were properly before us, we note, without deciding, that we would find it meritless for substantially the reasons set forth in the District Court's 2008 decision.

[3] Amendment 750 modified the Guidelines in accordance with the Fair Sentencing Act of 2010. See U.S.S.G. app. C, amend. 750 (Supp. Nov. 1, 2011).