NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2300
_____

UNITED STATES OF AMERICA

v.

STEVEN ALLISON SMITH,
a/k/a "FACE"
a/k/a TERRY ELLIS

Steven Allison Smith,
Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-02-cr-00295-001)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2013

Before:  RENDELL, FISHER and JORDAN, Circuit Judges

(Opinion Filed:  January 14, 2013 )
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Pursuant to a binding plea agreement, Steven Allison Smith pleaded guilty to

possession with the intent to distribute an unspecified amount of cocaine base in violation

of 21 U.S.C. § 841(a). The District Court sentenced Smith to 144 months of imprisonment—the term specified in the plea agreement. Smith filed a motion to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2), which the District Court denied. Smith appeals this decision, and his counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). For the reasons discussed below, we will grant counsel's motion to withdraw and affirm the District Court's ruling.

## I.

Because we write solely for the parties, we recount only those facts essential to our disposition. On October 6, 2004, pursuant to a binding plea agreement, Smith pleaded guilty to possession with intent to distribute an unspecified amount of crack cocaine. The plea agreement provided for a sentence of 144 months' imprisonment, which the District Court imposed on February 2, 2005. Had Smith not entered into the plea agreement, he would have faced a guideline range of 360 months to life if convicted on all charges.

On January 23, 2012, Smith filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Smith was appointed counsel and subsequently filed a new motion contending that although he was sentenced according to a Rule 11(c)(1)(C) agreement, he was still eligible for relief under *Freeman v. United States*, 131 S.Ct. 2685 (2011) (plurality) and Amendment 750 to the Sentencing Guidelines. The District Court agreed that Smith was eligible for consideration of a sentence reduction under *Freeman* but denied Smith's request, finding that the 18 U.S.C. § 3553(a) factors did not weigh in favor of reducing his sentence. In a thorough and well-reasoned opinion, the Court

repeatedly stressed the seriousness of Smith's conduct and that he benefited "*significantly* from the binding plea agreement." In reaching this conclusion, the District Court considered facts that were not stipulated to in the plea agreement. Smith contends that this was an abuse of discretion and appeals the District Court's decision. His counsel has moved to withdraw.

## II.

Counsel may move to withdraw from representation if, after a thorough examination of the District Court record, he is "persuaded that the appeal presents no issue of even arguable merit…." 3d Cir. L.A.R. 109.2(a); *see also* Anders, 386 U.S. at 744 ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."). To evaluate an *Anders* motion to withdraw, this Court analyzes: (1) whether counsel has thoroughly examined the record for appealable issues and has explained in a brief why any such issues are frivolous; and (2) whether an independent review of the record presents any non-frivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). In conducting an independent review of the record, the Court confines its review to those issues and "those portions of the record identified by an adequate *Anders* brief" and "to those issues raised in Appellant's *pro se* brief." *Id.* at 301. If this analysis demonstrates that the identified issues are frivolous then the Court must "grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." 3d Cir. L.A.R. 109.2(a).

3

We are satisfied that counsel has searched the record, identified potentially appealable issues, and adequately explained why those issues are frivolous. In addition, our own review of the record, including a review of Smith's *pro se* brief, confirms that the District Court appropriately balanced the 18 U.S.C. § 3553(a) factors in denying Smith's request for a sentence reduction. As the District Court succinctly stated, "Given the serious nature of the offense, Smith's significant and undeterred criminal conduct and the *substantial* benefit he received from the binding plea agreement…a reduction in Smith's sentence is unwarranted." Moreover, there is no merit to Smith's contention that the District Court erred in considering factors included in the Pre-sentence Report but that we were not stipulated to in the plea agreement. *Freeman* explicitly states that in evaluating whether a sentence should be reduced, the District Court should consider the 18 U.S.C. § 3553(a) factors and may consider whether the government made significant concessions in the agreement. *See, e.g.* 131 S.Ct. at 2694 (plurality); *id.* at 2699 & n.6 (Sotomayor, J., concurring in the judgment). Accordingly, we find no appealable issue of merit.

### III.

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the District Court's denial of a sentence reduction.

4