[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13006
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-20753-ASG-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAMERA NICOLE KING,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 8, 2013)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Tamera King, through counsel, appeals the district court's denial of her request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines. She argues the district court erred by determining it lacked authority to reduce her sentence because she had been sentenced as a career offender. She asserts, under *Freeman v. United States*, 131 S. Ct. 2685 (2011), she is eligible for a sentence reduction because the district court varied from the career offender guidelines and instead based her sentence on the unenhanced guidelines range.

"[W]e review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). A district court may not modify a term of imprisonment unless a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). If a defendant is a career offender, her base offense level is generally determined under the career offender guideline in U.S.S.G. § 4B1.1 and not the drug quantity guideline in § 2D1.1. *See Moore*, 541 F.3d at 1327-28. As such, a retroactive amendment to the drug quantity table at § 2D1.1 does not have the effect of lowering her career offender-based guideline range within the meaning of

2

§3582(c)(2), and district courts are not authorized to reduce a sentence on that basis. *See id.* at 1327-28, 1330.

In *Freeman*, the Supreme Court decided a case involving a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), in which the defendant entered a plea agreement that recommended a particular sentence. *Freeman*, 131 S. Ct. at 2690. In Justice Sotomayor's concurrence, she determined that the defendant was eligible for a sentence reduction under § 3582, because the express terms of his plea agreement based his sentence on a guideline sentencing range applicable to the charged offense. *Id.* at 2695. As such, the term of imprisonment in such a scenario is "based on" the range set by the Sentencing Guidelines, and a defendant is eligible for a sentence reduction under § 3582 if that range is subsequently lowered. *Id.* at 2695-2700. We recently held in *United States v. Lawson*, 686 F.3d 1317 (11th Cir. 2012), that *Moore* remains binding precedent in this Circuit because it was not overruled by *Freeman*, as *Freeman* did not address defendants whose total offense level was calculated according to the career offender provision. *See Lawson*, 686 F.3d at 1321.

The district court properly denied King's § 3582(c)(2) request because she was sentenced as a career offender, so Amendment 750 did not lower her applicable guideline range. We held in *Moore*, and reaffirmed in *Lawson*, that defendants sentenced as career offenders are not eligible for reductions pursuant to

3

§ 3582(c)(2).  *See Lawson*, 686 F.3d at 1321; *Moore*, 541 F.3d at 1329-30.

Moreover, although the district court varied downward from the enhanced

guideline range, it did so pursuant to the §3553(a) factors, not pursuant to §4A1.3,

such that the possible exception identified in *Moore* does not apply.  *See Moore*,

541 F.3d at 1329-30.  Accordingly, the district court did not abuse its discretion by

denying King's § 3582(c)(2) motion.

   **AFFIRMED.**

4