[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16179
Non-Argument Calendar
_____

D.C. Docket No. 5:02-cr-00006-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MEDRU MARCUS,
a.k.a. Zeke,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 26, 2013)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Medru Marcus, a federal prisoner, appeals the denial of his motion to reduce his sentence, 18 U.S.C. § 3582, under Amendment 750 of the Sentencing Guidelines.  Marcus argues that, under Freeman v. United States, 564 U.S. __, 131 S. Ct. 2685 (2011), his sentence was "based on" a sentencing range that has been lowered by the Sentencing Commission and that he is subject to the new mandatory penalties under the Fair Sentencing Act of 2010.  We affirm.

The district court correctly denied Marcus's motion.  Marcus was sentenced as a career offender, and Amendment 750 did not alter his sentencing range.  See United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir.), cert. denied 133 S. Ct. 568 (2012).  And because the Fair Sentencing Act is not an amendment to the Guidelines, the Act cannot serve as a basis for a sentence reduction under section 3582(a)(2).  See United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012).  Even if we were to assume that Marcus could base his motion on the Fair Sentencing Act, his motion would fail because he was sentenced before the effective date of the Act.  See United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir. 2013).

**AFFIRMED.**