**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4853**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DEMECO LAMONT RICHARDSON,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:11-cr-00124-FL-1)

Argued: September 20, 2013        Decided: October 11, 2013

Before MOTZ, SHEDD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Larry Constantine Economos, ECONOMOS LAW FIRM, PLLC, Cary, North Carolina, for Appellant. Yvonne Victoria Watford-McKinney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demeco Lamont Richardson pled guilty without a plea agreement to possessing crack cocaine with intent to distribute and possessing a firearm in furtherance of a drug trafficking crime. See 18 U.S.C. §§ 841(a)(1) and 924(c). The district court sentenced Richardson to 151 months for the drug crime and 60 months (to run consecutively) for the firearm crime.[1] In doing so, the court first treated Richardson as a de facto career offender under U.S.S.G. § 4B1.3 and departed upward from an advisory guidelines range of 33-41 months to a range of 151-188 months. After announcing the 211-month sentence based on this upward departure, the court stated that "[s]eparately" the factors set forth in 18 U.S.C. § 3553(a) justify the same sentence. J.A. 52. Richardson now appeals. We affirm.

"Federal sentencing law requires the district judge in every case to impose 'a sentence sufficient, but not greater than necessary, to comply with' the purposes of federal sentencing, in light of the Guidelines and other § 3553(a) factors." Freeman v. United States, 131 S. Ct. 2685, 2692 (2011) (quoting 18 U.S.C. § 3553(a)). Under the current sentencing regime, "district courts may impose sentences within statutory

---

[1] The 60-month sentence for the drug crime is statutorily required to run consecutively.

3

limits based on appropriate consideration of all of the factors listed in § 3553(a), subject to appellate review for 'reasonableness.'" Pepper v. United States, 131 S. Ct. 1229, 1241 (2011). "Reasonableness review has procedural and substantive components." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). "Procedural reasonableness evaluates the method used to determine a defendant's sentence. . . . . Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." Id.

In his opening appellate brief, Richardson challenges his sentence only on one ground, arguing that the district court erroneously treated him as a de facto career offender and departed upward from the 33-41 month advisory range. In response, the government contends that we should affirm the sentence because the court properly sentenced Richardson as a de facto career offender and, alternatively, the court's separate variance sentence is reasonable.[2] We need not decide whether the

---

[2] "The terms 'variance' and 'departure' describe two distinct sentencing options available to a sentencing court." United States v. Rivera-Santana, 668 F.3d 95, 100 n.6 (4th Cir.), cert. denied, 133 S.Ct. 274 (2012). A departure sentence is imposed under the framework set out in the sentencing guidelines, but a variance sentence is considered to be "a non-Guidelines sentence" that is nevertheless justified under the
(Continued)

4

court properly departed upward using the _de facto_ career offender method because we agree with the government that the alternate variance sentence is reasonable.

In _United States v. Evans_, 526 F.3d 155, 165 (4th Cir. 2008) (emphasis in original), we explained that "[w]hen . . . a district court offers two or more independent rationales for its [sentencing] deviation, an appellate court cannot hold the sentence unreasonable if the appellate court finds fault with just _one_ of these rationales." Applying that principle to the facts of that case, we noted that the district court imposed the challenged sentence using both the guidelines departure provisions and the § 3553(a) factors, but the appellant argued on appeal only that the departure was improper. Affirming the sentence, we stated:

> Although Evans challenges — at length — the court's analysis of the Guidelines departure provisions, he offers no argument that application of the § 3553(a) factors does not justify his sentence. As explained above, the record provides abundant support for the district court's conclusion that the § 3553(a) factors support the sentence. Accordingly, even assuming the district court erred in applying the Guideline[s] departure provisions, Evans' sentence, which is well-justified by § 3553(a) factors, is reasonable.

---

sentencing factors set forth in § 3553(a). _Id._ Arguably, Richardson has waived his right to challenge the variance sentence. _See United States v. Hudson_, 673 F.3d 263, 268 (4th Cir.), _cert. denied_, 133 S.Ct. 207 (2012) (issues not raised in opening brief are waived).

5

*Id.; see also* Rivera-Santana, 668 F.3d at 104 (in affirming the sentence, we held that even if the district court erroneously departed upward from the advisory guideline range, the asserted departure error was harmless "because the upward variance based on the § 3553(a) factors justified the sentence imposed"); United States v. Grubbs, 585 F.3d 793, 804 (4th Cir. 2009) (holding that even if the district court erred in its departure analysis, "the resulting sentence is procedurally reasonable because the district court adequately explained its sentence on alternative grounds supporting a variance sentence, by reference to the . . . § 3553(a) factors").[3] The same reasoning applies here.

The record establishes that Richardson has a significant prior criminal history, which includes eight felony drug convictions and multiple periods of incarceration. During the sentencing hearing, the district court expressly noted, among other things, Richardson's "very troubling criminal history" and his failure to learn "from [his] own troubles with the law."

---

[3] *See also* United States v. Hargrove, 701 F.3d 156 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 2403 (2013); United States v. Savillon-Matute, 636 F.3d 119 (4th Cir.), *cert. denied*, 132 S.Ct. 454 (2011). In both cases, we applied the "assumed error harmlessness inquiry" and affirmed sentences without considering the merits of the claimed procedural sentencing errors because the record established that the district courts would have reached the same result, which was reasonable, regardless of the errors.

J.A. 42-43.[4] The court also found that Richardson was a gang member who had "no significant work history" and that "his actions over an extensive period of time" demonstrated that he had "absolutely no intention of changing his ways." J.A. 42-43. Further, the court observed that Richardson "has been emboldened by numerous prior periods of incarceration, and his treatment in the state system." J.A. 51. Explaining the alternate § 3553(a)-based sentence, the district court stated:

> [C]onsidering the factors set forth in [§] 3553, the need to protect the public from the great harm created by drug dealing, the need to discourage this type of conduct, the need to promote respect for the law, which is so obviously lacking, and the need to provide treatment -- all of these factors which reflect specifically on [Richardson's] background and . . . history and the offenses at [issue] today, justifies and warrants the same sentence of which [the court has] spoken -- a total term of incarceration of 211 months.

J.A. 52.

Giving due deference to the district court's broad sentencing decision, as we must, Gall v. United States, 552 U.S. 38, 51 (2007), we cannot say that the upward variance is unreasonable. Thus, even if, as Richardson argues, the court

---

[4] Although we need not determine whether the district court properly designated Richardson as a de facto career offender under the guidelines, it is nonetheless notable for purposes of the upward variance that the court viewed Richardson's criminal record as being "consistent with . . . that of a career offender." J.A. 51.

incorrectly treated him as a <u>de facto</u> career offender under §
4B1.3, that error would be harmless "because the upward variance
based on the § 3553(a) factors justified the sentence imposed."
<u>Rivera-Santana</u>, 668 F.3d at 104. Accordingly, we affirm the
sentence.

<u>AFFIRMED</u>