**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4680

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RODNEY BURRELL,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:10-cr-00056-D-1)

Argued: September 20, 2013          Decided: October 17, 2013

Before MOTZ, SHEDD, and THACKER, Circuit Judges.

Affirmed by unpublished opinion.  Judge Shedd wrote the opinion, in which Judge Motz and Judge Thacker joined.

**ARGUED**:  Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant.  Joshua L. Rogers, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF**:  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Rodney Burrell pled guilty without a plea agreement to possession with intent to sell 5 grams or more of cocaine base and aiding and abetting another in the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.[1] The district court sentenced Burrell to 210 months imprisonment. The court upwardly departed from a guidelines range of 46 to 57 months to a range of 168 to 210 months under § 4A1.3(a)(1), on the ground that Burrell's criminal history category "woefully fail[ed] to capture the appropriate criminal history category for [Burrell]." J.A. 97. In addition, the court stated that even if the upward departure was erroneous, it would impose the same sentence as a variance under the factors set forth in 18 U.S.C. § 3553(a). J.A. 125. Burrell now appeals his sentence. For the reasons set forth below, we affirm.

"Federal sentencing law requires the district judge in every case to impose 'a sentence sufficient, but not greater than necessary, to comply with' the purposes of federal

---

[1] The district court originally sentenced Burrell as a career offender, sentencing him to 300 months imprisonment and 8 years supervised release. However, Burrell appealed the original sentence on the ground that one of his prior crimes, the North Carolina marijuana conviction, could not serve as a predicate for the career offender enhancement. On appeal, we affirmed Burrell's conviction, vacated his sentence, and remanded for resentencing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).

sentencing, in light of the Guidelines and other § 3553(a) factors." Freeman v. United States, 131 S. Ct. 2685, 2692 (2011) (quoting 18 U.S.C. § 3553(a)). Under the current sentencing regime, "district courts may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in § 3553(a), subject to appellate review for 'reasonableness.'" Pepper v. United States, 131 S. Ct. 1229, 1241 (2011). "Reasonableness review has procedural and substantive components." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). "Procedural reasonableness evaluates the method used to determine a defendant's sentence. . . . Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." Id.

Burrell challenges his sentence on two grounds: (1) the district court procedurally erred in upwardly departing because his criminal history category did not underrepresent the seriousness of his criminal history, and the court failed to adequately explain incrementally why it chose the criminal history category and offense level that it did; and (2) the sentence is substantively unreasonable. The government argues that we should affirm the sentence because the upward departure

3

is proper under the guidelines and, alternatively, the variance sentence is reasonable.[2]

In <u>United States v. Evans</u>, 526 F.3d 155, 165 (4th Cir. 2008) (emphasis in original), we explained that "[w]hen . . . a district court offers two or more independent rationales for its [sentencing] deviation, an appellate court cannot hold the sentence unreasonable if the appellate court finds fault with just one of these rationales." Affirming the sentence, we stated:

> As explained above, the record provides abundant support for the district court's conclusion that the § 3553(a) factors support the sentence. Accordingly, even assuming the district court erred in applying the Guideline[s] departure provisions, Evans' sentence, which is well-justified by § 3553(a) factors, is reasonable.

Id.; see also Rivera-Santana, 668 F.3d at 104 (in affirming the sentence, we held that even if the district court erroneously departed upward from the advisory guideline range, the asserted departure error was harmless "because the upward variance based on the § 3553(a) factors justified the sentence imposed");

---

[2] "The terms 'variance' and 'departure' describe two distinct sentencing options available to a sentencing court." United States v. Rivera-Santana, 668 F.3d 95, 100 n.6 (4th Cir.), cert. denied, 133 S. Ct. 274 (2012). A departure sentence is imposed under the framework set out in the sentencing guidelines, but a variance sentence is considered to be "a non-Guidelines sentence" that is nevertheless justified under the sentencing factors set forth in § 3553(a). Id.

United States v. Grubbs, 585 F.3d 793, 804 (4th Cir. 2009) (holding that even if the district court erred in its departure analysis, "the resulting sentence is procedurally reasonable because the district court adequately explained its sentence on alternative grounds supporting a variance sentence, by reference to the . . . § 3553(a) factors").[3] The same reasoning applies here. We do not need to address whether the court properly departed under § 4A1.3(a)(1) because it explicitly stated it would apply the same sentence as an alternative variance sentence considering the § 3553(a) factors, J.A. 125, and the variance sentence is reasonable.

Burrell has an extensive criminal history, which the district court discussed at great length when considering the § 3553(a) factors. The court noted that Burrell's criminal past includes, among other things, a voluntary manslaughter conviction, gang activity, an "abysmal prison record" with 13 infractions, and a conviction for possession with intent to sell and deliver marijuana. J.A. 88–92. The court described Burrell

---

[3] See also United States v. Hargrove, 701 F.3d 156 (4th Cir. 2012), cert. denied, 133 S. Ct. 2403 (2013); United States v. Savillon-Matute, 636 F.3d 119 (4th Cir.), cert. denied, 132 S. Ct. 454 (2011). In both cases, we applied the "assumed error harmlessness inquiry" and affirmed sentences without considering the merits of the claimed procedural sentencing errors because the record established that the district courts would have reached the same result, which was reasonable, regardless of the errors.

as having "an extraordinary level of recidivism, a commitment to recidivism, a commitment to being a drug dealer, a commitment that is not good for him or society or anyone." J.A. 92. The court stated "there is a tremendous need to protect the public" and for individual incapacitation here because "if Mr. Burrell were released any time remotely soon and he were back out . . . he would get right back to it." J.A. 122. The court also discussed the "need to promote respect for the law," the need for "just punishment," and the need for deterrence, noting: "I think a person who repeatedly gets chances and leniency and opportunities and rejects them is saying to society and to the legal system that they don't have any respect for it." J.A. 122. The court also considered Burrell's recently improved behavior while incarcerated but was not convinced that this alone wiped away the rest of his extensive criminal past. J.A. 104–05; see Pepper v. United States, 131 S. Ct. 1229, 1241–42 (2011) ("[W]e think it clear that when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing . . . . A categorical bar on the consideration of postsentencing rehabilitation evidence would directly contravene Congress' expressed intent in § 3661.").

The district court has broad discretion in sentencing decisions, see Gall v. United States, 552 U.S. 38, 51 (2007), and based on the court's careful consideration of the § 3553(a) factors, we cannot say that the alternative variance sentence is unreasonable. Therefore, even if the court was incorrect in upwardly departing under § 4A1.3(a)(1), that error would be harmless because the variance sentence based on the § 3553(a) factors is reasonable and thus "justifie[s] the sentence imposed." Rivera-Santana, 668 F.3d at 104. We therefore affirm the sentence.

AFFIRMED