**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4982**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

SHEIK PEARSON,

        Defendant – Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:12-cr-00077-CCB-1)

———————

Argued: December 10, 2014        Decided: January 6, 2015

———————

Before SHEDD, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** Vincent Anthony Jankoski, VINCENT A. JANKOSKI, ESQ., Silver Spring, Maryland, for Appellant. Evan Thomas Shea, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** Rod J. Rosenstein, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sheik Pearson pled guilty to one count of money laundering. The district court calculated Pearson's advisory sentencing Guidelines range to be 51-63 months. The court included in its calculation an offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), but it denied Pearson's motion to compel the government to move for an additional offense level reduction for acceptance of responsibility pursuant to § 3E1.1(b).[1] Ultimately, the court varied downward from the advisory range and sentenced Pearson to 36 months. In doing so, the court stated that it would have imposed the same 36-month sentence even if it had decided the § 3E1.1(b) issue in Pearson's favor. Pearson now appeals the sentence, arguing that the court erred by denying his motion to compel the government to move for the § 3E1.1(b) reduction and by failing to adequately consider 18 U.S.C. §§ 3553(a)(2)(A) and

---

[1] Section 3E1.1(a) provides for a two-level decrease in a defendant's offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." Section 3E1.1(b) provides for an additional one-level decrease only if the government files an appropriate motion, but a district court may compel the government to file such a motion if the government had declined to do so without a proper reason. See United States v. Divens, 650 F.3d 343, 350 (4th Cir. 2011). Had the district court applied the § 3E1.1(b) reduction in this case, Pearson's advisory range would have been 46-57 months.

3553(a)(6) in sentencing him to a longer term of incarceration than his co-defendants received. We affirm.

"Federal sentencing law requires the district judge in every case to impose 'a sentence sufficient, but not greater than necessary, to comply with' the purposes of federal sentencing, in light of the Guidelines and other § 3553(a) factors." Freeman v. United States, 131 S.Ct. 2685, 2692 (2011) (quoting 18 U.S.C. § 3553(a)). Under the current sentencing regime, "district courts may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in § 3553(a), subject to appellate review for 'reasonableness.'" Pepper v. United States, 131 S.Ct. 1229, 1241 (2011). "Reasonableness review has procedural and substantive components." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). "Procedural reasonableness evaluates the method used to determine a defendant's sentence. . . . Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." Id.

As noted, Pearson first contends that the district court erred by not applying the § 3E1.1(b) additional offense level reduction. "Failure to calculate the correct Guidelines range constitutes procedural error." Peugh v. United States, 133 S.Ct.

3

2072, 2080 (2013). However, "as with most types of errors in a criminal proceeding, 'procedural errors at sentencing . . . are routinely subject to harmlessness review,'" United States v. Hargrove, 701 F.3d 156, 161 (4th Cir. 2012), cert. denied, 133 S.Ct. 2403 (2013) (quoting Puckett v. United States, 556 U.S. 129, 141 (2009)); and the government argues (among other things) that any error in the court's § 3E1.1(b) determination is harmless.

A claimed procedural sentencing error is considered to be harmless if the resulting sentence was not longer than that to which the defendant would otherwise be subject. Hargrove, 701 F.3d at 161. In performing harmless-error review, we "may assume that a sentencing error occurred and proceed to examine whether the error affected the sentence imposed." Id. Thus, we may affirm a sentence notwithstanding a claimed Guidelines error if (1) we can glean from the record that the district court would have reached the same result even if it had decided the disputed Guidelines issue in the defendant's favor and (2) we can determine that the sentence would be reasonable even if the disputed Guidelines issue had been decided in the defendant's favor. Id. at 162. We conclude that both steps of this analysis are met in this case.

Our resolution of the first step of the harmlessness analysis is readily apparent from the district court's comments

4

at sentencing. After denying Pearson's attempt to receive the § 3E1.1(b) reduction, the court expressly stated that the § 3E1.1(b) issue "was not of any determining significance to me in my analysis of the [§] 3553(a) factors. The sentence I have come to is the one that I think is appropriate, even if I am wrong about the one point for acceptance of responsibility." J.A. 494; see also J.A. 495 ("I would impose the same sentence."). Accordingly, we will proceed to the second step of the analysis, under which we must decide whether the 36-month sentence would be reasonable if, as Pearson contends, the advisory Guidelines range was 46-57 months (rather than 51-63 months).[2]

The 36-month sentence represents a downward variance from the 51-63 month Guidelines range calculated by the district court, and it is below the 46-57 month Guidelines range proposed by Pearson. As such, regardless of which Guidelines range is correct, the sentence is presumptively reasonable, see United

---

[2] In his written plea agreement, Pearson generally waived the right "to appeal whatever sentence is imposed," but he reserved the right "to appeal the calculation of the offense level under the advisory guidelines to the extent that it does not include a one-level reduction under § 3E1.1(b)." J.A. 74. The government argues that under this waiver we should review Pearson's challenge to the substantive reasonableness of his sentence only if we first conclude that the district court erred regarding § 3E1.1(b). In light of our application of the harmless error analysis, under which we assume that the court erred in its § 3E1.1(b) determination, we decline to enforce the appeal waiver.

States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012), and Pearson bears the burden to rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors, see United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006). Pearson has failed to meet this burden.

In our view, the district court adequately considered the appropriate factors under § 3553(a). Turning to Pearson's specific challenge to the court's treatment of the § 3553(a) factors, we find no merit to his assertion that the court failed to adequately consider §§ 3553(a)(2)(A) and 3553(a)(6) in sentencing him to a longer term of incarceration than his co-defendants received. See J.A. 490-92 (court's explanation of the relative sentences). On this point, Pearson is essentially asking us to substitute our judgment for that of the district court, but we are not at liberty to do so. See United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008) (noting that "an appellate court must defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court" (emphasis in original)).

Based on the foregoing, we affirm the 36-month sentence.

AFFIRMED