NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 10, 2015
Decided August 11, 2015

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2548

| | |
|---|---|
| JASON P. EDWARDS,<br>     *Petitioner-Appellant*, | Appeal from the United States District<br>Court for the Southern District of<br>Indiana, Indianapolis Division. |
| *v.* | |
| | No. 12-cv-963 |
| UNITED STATES OF AMERICA,<br>     *Respondent-Appellee*. | Larry J. McKinney,<br>*Judge*. |

**O R D E R**

Jason Edwards was an active police officer in Indianapolis when he went along with a scheme put together by another police officer (Long) whereby they would steal drugs from dealers in the process of making searches and arrests. Edwards, now a federal prisoner, is serving a sentence of 204 months' imprisonment after he was convicted by a jury of conspiracy to possess marijuana with intent to distribute the drug, two substantive possession counts, and one count of attempt. *United States v. Long*, 639 F.3d 293 (7th Cir. 2011). In his motion to vacate, *see* 28 U.S.C. § 2255, Edwards charges his attorney, Kevin McShane, with providing ineffective assistance and advice in connection with the government's offer of a binding plea agreement, *see* FED. R. CIV. P. 11(c)(1)(C), that, if accepted by the district court, would have locked in a prison term

of 120 months. The district court, proceeding on the premise that the key issue was what McShane advised Edwards regarding possible post-trial sentencing outcomes, disagreed that McShane had provided ineffective advice, and denied Edwards's motion.

Edwards's sole contention in this appeal is that McShane misled him into thinking that he had "nothing to lose" by rejecting the plea agreement. The district court held an evidentiary hearing to address Edwards's theory. Edwards's testimony at the hearing repeated his underlying allegation that McShane gave him the impression that no matter whether he accepted or rejected the offer, he likely would not face a sentence greater than 10 years' imprisonment.

McShane testified that he told Edwards that they had little chance to beat any of the marijuana charges because the evidence was overwhelming. (Edwards also was charged with possessing a firearm in furtherance of his drug crimes; McShane anticipated that he could obtain an acquittal on the gun charge, and did.) Nevertheless, McShane told Edwards that should he proceed to trial, McShane would argue for a sentence within a guidelines range of 27 to 33 months. McShane also discussed with Edwards the possibility of a sentence as great as 30 years, warned him that his guidelines range very well might exceed 120 months when all was said and done, and cautioned that his status as a corrupt police officer was likely to weigh heavily against him at sentencing. Ultimately, McShane averred, he left the decision whether to accept or reject the plea offer to Edwards.

The district court found that "on points of direct conflict" McShane was more believable than Edwards. The court found that McShane had advised Edwards that if he was found guilty by a jury a number of sentencing options would be available to the judge. McShane stressed that Edwards's position as a corrupt police officer was likely to weigh heavily against him, and that an increase in his guidelines range was likely. The judge found that McShane discussed with Edwards the possibility of a short prison term of between 27 and 33 months, but concluded that McShane had strong potential sentencing arguments, and thus discussing this lower possibility did not amount to ineffective assistance.

Criminal defendants are entitled to the effective assistance of counsel when choosing to accept or reject an offer of a plea bargain. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1384–85 (2012); *Julian v. Bartley*, 495 F.3d 487, 494–95 (7th Cir. 2007). But effective assistance is precisely what Edwards received. Edwards does not meaningfully contest

the judge's factual findings, and neither do we find them to be clearly erroneous. *See Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013) (explaining that factual findings are reviewed for clear error). Those findings establish that McShane informed Edwards of the low and high sentencing possibilities present in his case, as well as points in between. On this record, we cannot say that McShane in any way misled Edwards. And when all was said and done, McShane left the decision whether or not to plead guilty up to Edwards, as he should have. *See North Carolina v. Alford*, 400 U.S. 25, 31–32 (1974); *Johnson v. Duckworth*, 793 F.2d 898, 900 (7th Cir. 1986).

The district court did not comment on whether Edwards suffered any prejudice, but we add briefly that we believe he did not. Crucially, Edwards cannot show that the district judge would have accepted the binding plea agreement. Under the guidelines, plea agreements that require a specific sentence must be tied to the applicable guidelines range. *See* U.S.S.G. § 6B1.2(c) (2008). And a binding plea agreement is supposed to reflect the correct guidelines range, even if it calls for a variance. *See Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality op.). The parties inform us that the guidelines range contemplated by the rejected plea offer assumed a base offense level of 20, eight levels below the range ultimately calculated by the district judge. In the end, the 120 months that would have been locked in fell below the true guidelines range of 151 to 188 months. What's more, the parties recognized that an upward variance was appropriate: the plea agreement called for what purported to be an above-guidelines prison term, and McShane testified repeatedly that he had believed that Edwards's job as a police officer would weigh heavily against him at sentencing. And we know that the judge, too, believed that the guidelines did not adequately account for Edwards's breach of trust. So, had the judge realized that the parties' proposed prison term actually fell below the correct guidelines range, he almost certainly would have rejected the agreement.

AFFIRMED.