Justice Kennedy
announced the judgment of the Court and delivered an opinion, in which Justice Ginsburg, Justice Breyer, and Justice Kagan join.
The Sentencing Reform Act of 1984, 18 U. S. C. § 3551 et seq., calls for the creation of Sentencing Guidelines to inform judicial discretion in order to reduce unwarranted disparities in federal sentencing. The Act allows retroactive amendments to the Guidelines for cases where the Guidelines become a cause of inequality, not a bulwark against it. When a retroactive Guidelines amendment is adopted, § 3582(c)(2) permits defendants sentenced based on a sentencing range that has been modified to move for a reduced sentence.
The question here is whether defendants who enter into plea agreements that recommend a particular sentence as a condition of the guilty plea may be eligible for relief under § 3582(c)(2). See Fed. Rule Crim. Proc. 11(c)(1)(C) (authorizing such plea agreements). The Court of Appeals for the Sixth Circuit held that, barring a miscarriage of justice or mutual mistake, defendants who enter into 11(c)(1)(C) agreements cannot benefit from retroactive Guidelines amendments.
Five Members of the Court agree that this judgment must be reversed. The Justices who join this plurality opinion conclude that the categorical bar enacted by the Court of Appeals finds no support in § 3582(c)(2), Rule 11(c)(1)(C), or the relevant Guidelines policy statements. In every case the judge must exercise discretion to impose an appropriate sentence. This discretion, in turn, is framed by the Guidelines. And the Guidelines must be consulted, in the regular course, whether the case is one in which the conviction was *526 after a trial or after a plea, including a plea pursuant to an agreement that recommends a particular sentence. The district judge’s decision to impose a sentence may therefore be based on the Guidelines even if the defendant agrees to plead guilty under Rule 11(c)(1)(C). Where the decision to impose a sentence is based on a range later subject to retroactive amendment, § 3582(c)(2) permits a sentence reduction.
Section 3582(c)(2) empowers district judges to correct sentences that depend on frameworks that later prove unjustified. There is no reason to deny § 3582(c)(2) relief to defendants who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected, excessive range.
Justice Sotomayor would reverse the judgment on a different ground set out in the opinion concurring in the judgment. That opinion, like the dissent, would hold that sentences following 11(c)(1)(C) agreement are based on the agreement rather than the Guidelines, and therefore that § 3582(c)(2) relief is not available in the typical case. But unlike the dissent she would permit the petitioner here to seek a sentence reduction because his plea agreement in express terms ties the recommended sentence to the Guidelines sentencing range.
The reasons that lead those Members of the Court who join this plurality opinion may be set forth as follows.
I
A
Federal courts are forbidden, as a general matter, to “modify a term of imprisonment once it has been imposed,” 18 U. S. C. § 3582(c); but the rule of finality is subject to a few narrow exceptions. Here, the exception is contained in a statutory provision enacted to permit defendants whose Guidelines sentencing range has been lowered by retroactive amendment to move for a sentence reduction if the terms of the statute are met. The statute provides:
*527 “[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U. S. C. 994(o)... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.” § 3582(c)(2).
This case concerns the application of the statute to cases in which defendants enter into plea agreements under Rule 11(c)(1)(C). That Rule permits the parties to “agree that a specific sentence or sentencing range is the appropriate disposition of the ease,... [a request which] binds the court once the court accepts the plea agreement.” The question is whether defendants who enter into 11(c)(1)(C) agreements that specify a particular sentence may be said to have been sentenced “based on” a Guidelines sentencing range, making them eligible for relief under § 3582(c)(2).
B
Petitioner William Freeman was indicted in 2005 for various crimes, including possessing with intent to distribute cocaine base. 21 U. S. C. §§ 841(a)(1), (b)(1)(C). He entered into an agreement under Rule 11(c)(1)(C) in which he agreed to plead guilty to all charges. In return the Government “agree[d] that a sentence of 106 months’ incarceration is the appropriate disposition of this case.” App. 26a. The agreement states that “[b]oth parties have independently reviewed the Sentencing Guidelines applicable in this case,” and that “[Freeman] agrees to have his sentence determined pursuant to the Sentencing Guidelines.” Id., at 27a-28a. The agreement reflects the parties’ expectation that Freeman would face a Guidelines range of 46 to 57 months, ibid. (Offense Level 19, Criminal History Category IV), along with a consecutive mandatory minimum of 60 months for pos *528 sessing a firearm in furtherance of a drug-trafficking crime under 18 U. S. C. § 924(c)(1)(A). The recommended sentence of 106 months thus corresponded with the minimum sentence suggested by the Guidelines, in addition to the 60-month § 924(e)(1)(A) sentence.
The District Court accepted the plea agreement. At the sentencing hearing, the court “adopt[ed] the findings of the probation officer disclosed in the probation report and application of the guidelines as set out therein.” App. 47a. “[EQaving considered the advisory guidelines and 18 USC 3553(a),” the court imposed the recommended 106-month sentence, which was “within the guideline ranges” — the 46-to 57-month range the parties had anticipated plus the mandatory 60 months under § 924(c)(1)(A) — and “sufficient to meet the objectives of the law.” Id., at 48a-49a.
Three years later, the Commission issued a retroactive amendment to the Guidelines to remedy the significant disparity between the penalties for cocaine base and powder cocaine offenses. See United States Sentencing Commission, Guidelines Manual Supp. App. C, Arndt. 706 (Nov. 2010) (USSG) (effective Nov. 1, 2007) (adjusting Guidelines); id., Arndt. 713 (effective Mar. 3, 2008) (making Amendment 706 retroactive). Its effect was to reduce Freeman’s applicable sentencing range to 37 to 46 months, again with the consecutive 60-month mandatory minimum. App. 142a-144a (Sealed).
Freeman moved for a sentence reduction under § 3582(c)(2). The District Court, however, denied the motion, and the Court of Appeals for the Sixth Circuit affirmed. United States v. Goins, 355 Fed. Appx. 1 (2009). Adhering to its decision in United States v. Peveler, 359 F. 3d 369 (2004), the Court of Appeals held that defendants sentenced following 11(c)(1)(C) agreements that specify a particular sentence are ineligible for § 3582(c)(2) relief, barring a miscarriage of justice or mutual mistake.
This Court granted certiorari. 561 U. S. 1058 (2010).
*529 II
Federal sentencing law requires the district judge in every case to impose “a sentence sufficient, but not greater than necessary, to comply with” the purposes of federal sentencing, in light of the Guidelines and other § 3553(a) factors. 18 U. S. C. § 3553(a). The Guidelines provide a framework or starting point — a basis, in the commonsense meaning of the term — for the judge’s exercise of discretion. E. g., 1 Oxford English Dictionary 977 (2d ed. 1989), Rule 11(c)(1)(C) permits the defendant and the prosecutor to agree that a specific sentence is appropriate, but that agreement does not discharge the district court’s independent obligation to exercise its discretion. In the usual sentencing, whether following trial or plea, the judge’s reliance on the Guidelines will be apparent, for the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range. Gall v. United States, 552 U. S. 38, 49 (2007). Even where the judge varies from the recommended range, id., at 50, if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, then the Guidelines are in a real sense a basis for the sentence.
Rule 11(c)(1)(C) makes the parties’ recommended sentence binding on the court “once the court accepts the plea agreement,” but the governing policy statement confirms that the court’s acceptance is itself based on the Guidelines. See USSG §6B1.2. That policy statement forbids the district judge to accept an 11(c)(1)(C) agreement without first evaluating the recommended sentence in light of the defendant’s applicable sentencing range. The commentary to § 6B1.2 advises that a court may accept an 11(c)(1)(C) agreement “only if the court is satisfied either that such sentence is an appropriate sentence -within the applicable guideline range or, if not, that the sentence departs from the applicable guideline range for justifiable reasons.” Cf. Stinson v. United States, 508 U. S. 36 (1993) (Guidelines commentary is authoritative). Any bargain between the parties is contingent until the *530 court accepts the agreement. The Guidelines require the district judge to give due consideration to the relevant sentencing range, even if the defendant and prosecutor recommend a specific sentence as a, condition of the guilty plea.
This approach finds further support in the policy statement that applies to § 3582(c)(2) motions. See USSG § 1B1.10. It instructs the district court in modifying a sentence to substitute only the retroactive amendment and then leave all original Guidelines determinations in place. § IB 1.10(b)(1). In other words, the policy statement seeks to isolate whatever marginal effect the since-rejected Guideline had on the defendant’s sentence. Working backwards from this purpose, § 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement. This is the only rule consistent with the governing policy statement, a statement that rests on the premise that a Guideline range may be one of many factors that determine the sentence imposed.
Tlius, the text and purpose of the Linee relevant sources— the statute, the Rule, and the governing policy statements— require the conclusion that the district court has authority to entertain § 3582(c)(2) motions when sentences are imposed in light of the Guidelines, even if the defendant enters into an 11(c)(1)(C) agreement.
Ill
The transcript of petitioner’s sentencing hearing reveals that his original sentence was based on the Guidelines. The District Court first calculated the sentencing range, as both § 3553(a)(4) and §6B 1.2(c) require. App. 47a, 49a. It explained that it “considered the advisory guidelines and 18 USC 3553(a),” and that “the sentence imposed . . . fall[s] within the guideline rang[e] and [is] sufficient to meet the objectives of the law.” Id., at 48a-49a. Apart from the de *531 fense attorney's initial statement that the ease involved a “(C) plea," id., at 47a, the hearing proceeded as if the agreement did not exist. The court expressed its independent judgment that the sentence was appropriate in light of the applicable Guidelines range, and its decision was therefore “based on” that range.
IV
The Government asks this Court to hold that sentences like petitioner's, which follow an 11(c)(1)(C) agreement, are based only on the agreement and not the Guidelines, and therefore that defendants so sentenced are ineligible for § 3582(c)(2) relief. The Government's position rests in part on the concern that the conclusion reached here will upset the bargain struck between prosecutor and defendant. See Brief for United States 42-43. That, however, has nothing to do with whether a sentence is “based on” the Guidelines under § 3582(c)(2). And in any event, the concern is overstated. Retroactive reductions to sentencing ranges are infrequent, so the problem will not arise often. Klein & Thompson, DOJ’s Attack on Federal Judicial “Leniency,” the Supreme Court’s Response, and the Future of Criminal Sentencing, 44 Tulsa L. Rev. 519, 535 (2009). More important, the district court's authority under § 3582(c)(2) is subject to significant constraints, constraints that can be enforced by appellate review.
The binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion. All Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment. USSG § lB1.10(b)(l). In an initial sentencing hearing, a district court can vary below the Guidelines; but, by contrast, below-Guidelines modifications in § 3582(c)(2) proceedings are forbidden, USSG §1B1.10(b) (2)(A), except where the original sentence was itself a downward departure, § IB 1.10(b)(2)(B). And the court must always “consider the nature and seriousness of the danger to *532 any person or the community that may be posed by a reduction in the defendant’s term of imprisonment.” § IB 1.10, comment., n. l(B)(ii). The district court’s authority is limited; and the courts of appeals, and ultimately this Court, can ensure that district courts do not overhaul plea agreements, thereby abusing their authority under § 3582(c)(2). See Dillon v. United States, 560 U. S. 817 (2010) (reviewing and affirming a § 3582(c)(2) sentence reduction); Gall, 552 U. S., at 49 (all sentences are reviewable for abuse of discretion).
The Government would enact a categorical bar on § 3582(c)(2) relief. But such a bar would prevent district courts from making an inquiry that is within their own special knowledge and expertise. What is at stake in this case is a defendant’s eligibility for relief, not the extent of that relief. Indeed, even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate. District judges have a continuing professional commitment, based on scholarship and accumulated experience, to a consistent sentencing policy. They can rely on the frameworks they have devised to determine whether and to what extent a sentence reduction is warranted in any particular ease. They may, when considering a § 3582(c)(2) motion, take into account a defendant’s decision to enter into an 11(c)(1)(C) agreement. If the district court, based on its experience and informed judgment, concludes the agreement led to a more lenient sentence than would otherwise have been imposed, it can deny the motion, for the statute permits but does not require the court to reduce a sentence. This discretion ensures that § 3582(c)(2) does not produce a windfall.
As noted, the opinion concurring in the judgment suggests an intermediate position. That opinion argues that in general defendants sentenced following 11(c)(1)(C) agreements are ineligible for § 3582(c)(2) relief, but relief may be sought where the plea agreement itself contemplates sentence re *533 duction. The statute, however, calls for an inquiry into the reasons for a judge’s sentence, not the reasons that motivated or informed the parties. If, as the Government suggests, the judge’s decision to impose a sentence is based on the agreement, then § 3582(c)(2) .does not apply. The parties cannot by contract upset an otherwise-final sentence. And the consequences of this erroneous rule would be significant. By allowing modification only when the terms of the agreement contemplate it, the proposed rule would permit the very disparities the Sentencing Reform Act seeks to eliminate.
The Act aims to create a comprehensive sentencing scheme in which those who commit crimes of similar severity under similar conditions receive similar sentences. See 18 U. S. C. § 3553(a)(6); K. Stith & J. Cabranes, Fear of Judging 104-105 (1998). Section 3582(c)(2) contributes to that goal by ensuring that district courts may adjust sentences imposed pursuant to a range that the Commission concludes are too severe, out of step with the seriousness of the crime and the sentencing ranges of analogous offenses, and inconsistent with the Act’s purposes.
The crack-cocaine range here is a prime example of an unwarranted disparity that § 3582(c)(2) is designed to cure. The Commission amended the crack-cocaine Guidelines to effect a “partial remedy” for the “urgent and compelling” problem of crack-cocaine sentences, which, the Commission concluded, “significantly undermines the various congressional objectives set forth in the Sentencing Reform Act.” United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy 8-10 (May 2007); see also USSG Supp. App. C, Arndt. 706; Kimbrough v. United States, 552 U. S. 85, 99-100 (2007), The Commission determined that those Guidelines were flawed, and therefore that sentences that relied on them ought to be reexamined. There is no good reason to extend the benefit of the Commission’s judgment only to an arbitrary subset of defendants *534 whose agreed sentences were accepted in light of a since-rejected Guidelines range based on whether their plea agreements refer to the Guidelines. Congress enacted § 3582(c)(2) to remedy systemic injustice, and the approach outlined in the opinion concurring in the judgment would undercut a systemic solution.
Even when a defendant enters into an 11(c)(1)(C) agreement, the judge’s decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief. This straightforward analysis would avoid making arbitrary distinctions between similar defendants based on the terms of their plea agreements. And it would also reduce unwarranted disparities in federal sentencing, consistent with the purposes of the Sentencing Reform Act.
* * *
The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings.

It is so ordered.