[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10775
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20452-KMM-8


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN VILLALONGA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 17, 2015)

Before TJOFLAT, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

John Villalonga appeals *pro se* the denial of his motion to reduce his sentence. 18 U.S.C. § 3582(c)(2). Villalonga sought a reduction based on Amendment 782 to the Sentencing Guidelines. We affirm.

The district court did not abuse its discretion when it denied Villalonga's motion to reduce. Amendment 782 did not alter Villalonga's sentencing range. Villalonga pleaded guilty to conspiring to possess with intent to distribute 1000 or more marijuana plants and was sentenced to a minimum statutory penalty of 120 months of imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A)(vii), 846. Because Villalonga's sentence was not based on the drug quantity tables, *see* United States Sentencing Guidelines Manual § 2D1.1, he was ineligible for a reduction of his sentence. *See id.* § 1B1.10(a)(2)(B) & cmt. n.1(A); *United States v. Mills*, 613 F.3d 1070, 1077–78 (11th Cir. 2010).

Villalonga argues that he is entitled to relief under *Freeman v. United States*, 564 U.S. ____, 131 S. Ct. 2685 (2011), but we disagree. In *Freeman*, a plurality of the Court concluded that a defendant is eligible for a sentence reduction if he enters a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) to receive a specific sentence that is based on a guideline range that has been subsequently lowered by the Sentencing Commission. 131 S. Ct. at 2690. *Freeman* does not address defendants, like Villalonga, who were sentenced based on the

2

statutory mandatory minimum and whose guideline range was not lowered by the retroactive amendment.

We **AFFIRM** the denial of Villalonga's sentence.