**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6662**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TRAVIS NATHANIEL FRANCE,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:09-cr-00006-JPJ-1)

Submitted: January 20, 2016      Decided: February 1, 2016

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant. Anthony P. Giorno, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Ashwin Shandilya, Third Year Law Intern, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Nathaniel France pled guilty pursuant to a plea agreement to possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2012), and was sentenced in December 2009 as a career offender to 262 months' imprisonment. See U.S. Sentencing Guidelines Manual § 4B1.1. He later filed an 18 U.S.C. § 3582(c)(2) (2012) motion to reduce his sentence under Amendment 782 to the Sentencing Guidelines. In the motion, France argued that he was eligible for a sentence reduction under § 3582(c)(2) despite being sentenced as a career offender because the Guidelines range resulting from his career offender designation overrepresented his Guidelines range. He also argued that operation of the career offender Guideline in drug cases was irrational and violated the Equal Protection Clause of the Fourteenth Amendment because such operation resulted in disparate and unfavorable outcomes for Black defendants. The district court denied France's motion, and France now appeals. We affirm.

We review for abuse of discretion a district court's decision whether to reduce a sentence under § 3582(c)(2) and review de novo a district court's determination of the scope of its legal authority under that provision. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010).

2

As a general matter, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nevertheless, a court possesses the authority to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id. § 3582(c)(2). In such a circumstance, the court may reduce the defendant's sentence, "after considering the factors set forth in [18 U.S.C. §] 3553(a) [(2012)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.

As the Supreme Court explained in Dillon v. United States, the "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Guidelines. See 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment[*] has the effect of lowering the defendant's applicable Guidelines range. See USSG § 1B1.10(a)(1), (2)(B), p.s.

_____

[*] Amendment 782 to the Guidelines, which generally reduces by two levels the offense levels assigned to the drug quantities listed in USSG § 2D1.1, applies retroactively. USSG § 1B1.10(d), p.s.

3

After review of the record and the parties' briefs, we conclude that the district court did not reversibly err in denying France's motion. We reject as without merit France's argument that the district court erred by declining to read USSG § 1B1.10, p.s., to allow a § 3582(c)(2) reduction for a career offender on the basis of his post-offense conduct. A district court lacks the authority to grant a § 3582(c)(2) motion for a reduced sentence under Amendment 782 if the defendant seeking the reduction was sentenced pursuant to the career offender Guideline. See Munn, 595 F.3d at 187 (construing USSG § 1B1.10, p.s.). Although there is a limited exception to this rule when the district court grants at sentencing a departure from the Guidelines range resulting from the career offender designation based on the finding that the range overrepresented the defendant's criminal history and relies on the cocaine base Guidelines in calculating the extent of the departure, id. at 192, France did not receive at sentencing a departure from the career offender Guidelines range due to the overrepresentation of his criminal history. Additionally, a defendant's post-offense conduct is not a part of this limited exception. See id.

We reject France's claims, raised for the first time on appeal, that there is a conflict between USSG § 1B1.10, p.s., and § 3582(c)(2) that should be resolved by application of the

4

rule of lenity in his favor, and that his position regarding the consideration of post-offense conduct finds support in 18 U.S.C. § 3661 (2012) and best avoids constitutional doubt with respect to USSG § 1B1.10, p.s.  See Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998).  We also reject France's reliance on Freeman v. United States, 131 S. Ct. 2685 (2011), as a basis for relief because that decision addresses the availability of a § 3582(c)(2) reduction to a defendant who enters into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. France did not enter into a Rule 11(c)(1)(C) plea agreement. We further reject as without merit France's challenges to the district court's equal protection and irrationality rulings. See United States v. Armstrong, 517 U.S. 456, 465 (1996); Veney v. Wyche, 293 F.3d 726, 730-31 (4th Cir. 2002); United States v. Presley, 52 F.3d 64, 68 (4th Cir. 1995).

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5