FILED
United States Court of Appeals
Tenth Circuit

May 27, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GONZALO GOMEZ-OLIVAS,
a/k/a Anthony M. Flores,

Defendant - Appellant.

No. 15-8108
(D.C. No. 2:96-CR-00102-ABJ-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

When he agreed to plead guilty to federal drug charges in 2000, Gonzalo

Gomez-Olivas also agreed with the government to a prison term of thirty years.

A sentence the district court duly issued. Even so, Mr. Gomez-Olivas has spent

the last sixteen years filing repeated legal challenges to his conviction and

sentence. In his latest effort, he asked the district court to issue a writ of *coram*

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*nobis* and to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court held, however, that a writ of *coram nobis* is not an appropriate means for attacking an ongoing sentence and that Mr. Gomez-Olivas was ineligible for relief under § 3582(c)(2) because, as it had explained in prior proceedings, his sentence was based on a plea agreement and not the sentencing guidelines.

On appeal, Mr. Gomez-Olivas challenges only the denial of his request for a sentence reduction, arguing he is entitled to relief under *Freeman v. United States*, 564 U.S. 522 (2011). The problem is Mr. Gomez-Olivas raised and lost this very same argument in a previous § 3582(c)(2) proceeding and failed to appeal that disposition. He is therefore precluded from raising the same argument now. *See, e.g.*, *In re Scrivner*, 535 F.3d 1258, 1266 (10th Cir. 2008) (treating this as a matter of issue preclusion). Neither does Mr. Gomez-Olivas invoke any possible exception to the normal operation of preclusion principles. And even if we were inclined to and could look past this preclusion problem, we still wouldn't see any grounds for relief. For as the district court correctly and more fully explained, Mr. Gomez-Olivas's sentence was based on his plea agreement (and the stipulations in it) and not on a guidelines range in a way that might make him eligible for relief under § 3582(c)(2) and the Supreme Court's interpretation of that provision in *Freeman*.

The judgment is affirmed.  Mr. Gomez-Olivas's motion to proceed in forma pauperis is denied and he is reminded of his obligation to pay the filing fee in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge