# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41121
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RYAN POWERS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CR-95-12

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Ryan Powers, federal prisoner # 21662-078, is serving a 168-month sentence for conspiring to possess with the intent to distribute more than five kilograms of cocaine. He appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense levels in the drug quantity table in U.S.S.G. § 2D1.1(c). Citing *Freeman v. United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States*, 564 U.S. 522, 530 (2011), Powers argues that the district court erred in finding him ineligible for a sentence reduction because he was sentenced pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement.

Section 3582(c)(2) grants a district court the discretion to modify a defendant's sentence if he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). However, a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement may be eligible for a § 3582(c)(2) reduction only if "the agreement itself employs the particular Guideline sentencing range applicable to the charged offenses in establishing the term of imprisonment." *Freeman*, 564 U.S. at 540 (Sotomayor, J., concurring).

Powers's plea agreement does not call for him "to be sentenced within a particular Guidelines sentencing range;" nor provides "for a specific term of imprisonment . . . but also make[s] clear that the basis for the specified term [wa]s a Guidelines sentencing range applicable to the offence to which [he] pleaded guilty;" nor "explicitly employs a particular Guidelines sentencing range to establish a term of imprisonment." *See id.* at 538-40. Thus, Powers's Rule 11(c)(1)(C) sentence was not based on a sentencing range that was lowered by Amendment 782, and the district court had no authority to reduce his sentence under § 3582(c)(2). *See Freeman,* 564 U.S. at 538-40; *United States v. Benitez*, 822 F.3d 807, 812 (5th Cir. 2016). Powers has not shown that the district court erred in denying his § 3582(c)(2) motion.[1]

The judgment of the district court is AFFIRMED. Powers's motions for discovery and the production of transcripts are DENIED.

---

[1] As the district court did not err in determining that Powers is ineligible for a sentence reduction because his sentence was imposed pursuant to a Rule 11(c)(1)(C) plea agreement, we do not consider the parties' arguments relating to the Government's alternative assertion that Powers is ineligible for a § 3582(c)(2) reduction based on his status as a career offender.