NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0654n.06

Case No. 16-1338

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 06, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| CARLOS VANCE WATTS, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: GIBBONS, SUTTON, and WHITE, Circuit Judges.

SUTTON, Circuit Judge. Carlos Watts pleaded guilty to drug and firearms charges and was sentenced to 156 months' imprisonment under the terms of a binding plea agreement. The Sentencing Commission later retroactively amended and reduced the guidelines range applicable to his drug conviction. Watts moved for a sentence reduction in light of that amendment. The district court denied his motion on the ground that it lacked the authority to reduce a sentence based on a binding plea agreement rather than the guidelines. Because the 156-month sentence in Watts's plea agreement is not expressly based on the guidelines, we agree and affirm.

18 U.S.C. § 3582(c) authorizes district courts to reduce sentences "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." But a sentence imposed under a mandatory plea agreement, *see* Fed. R. Crim. P. 11(c)(1)(C), may be reduced in light of a guidelines amendment "*only when* that guideline range is *explicitly* referenced in a plea agreement." *United States v. McNeese*, 819 F.3d 922, 927 (6th Cir. 2016) (emphasis in original)

(quotation omitted). That rule derives from Justice Sotomayor's controlling concurrence in *Freeman v. United States*, which held that sentences in Rule 11(c)(1)(C) agreements are generally "based on" the agreements themselves rather than the guidelines, except where an agreement "expressly uses a Guidelines sentencing range . . . to establish the term of imprisonment." 564 U.S. 522, 534 (2011) (Sotomayor, J., concurring); *see McNeese*, 819 F.3d at 927.

This plea agreement does not explicitly refer to any guidelines range, and Watts is thus ineligible for a sentence reduction under § 3582(c). The agreement, in relevant part, explains that the parties "agree to a sentence of 156 months' imprisonment . . . [after] independent evaluation of the time, risks, and potential outcomes associated with a trial. Both parties have also independently concluded, after referencing the United States Sentencing Guidelines and potential litigation associated with their application, that the agreed-upon term of imprisonment is substantively reasonable." R. 47 at 7. The agreement does not provide, as the *Freeman* agreement did, that Watts was to be sentenced within any particular guidelines range. *See Freeman*, 564 U.S. at 542. Nor does it otherwise use a particular guidelines range as "the basis for the specified term" of imprisonment. *McNeese*, 819 F.3d at 927; *see Freeman* 564 U.S. at 539. It says instead that a 156-month sentence was agreed to after the parties "independently concluded" that not just the guidelines, but the costs and risks of trial as well, made this an equitable sentence. That means that the sentence is explicitly based on "a whole range of considerations," R. 85 at 3, and does not "expressly use[]" any particular guidelines range. *Freeman*, 564 U.S. at 539.

Confirming the point is the reality that the parties never agreed on what the proper guidelines range was. The presentence report calculated a guidelines range of 248–295 months.

At the sentencing hearing, where the district court heard argument on the guidelines in order to assess the reasonableness of the agreement, Watts objected to three of the enhancements in the presentence report's calculation. The government argued that two of those three enhancements, for leadership in a conspiracy and obstruction of justice, were appropriate. The district court sustained Watts's objections to two of the three enhancements and eventually settled on a range of 190–222 months before accepting that the agreement's 156-month sentence was reasonable. The parties cannot have agreed *to* a guidelines range they did not agree *on*, which means this Rule 11(c)(1)(C) agreement cannot be "based on" the guidelines.

Watts responds that he is eligible for a reduction under *Freeman* because the agreement "repeatedly referenced the sentencing guidelines." Appellant's Br. 23. But general references to the guidelines, which clarify that the parties and the court independently considered them, is not the same as expressly using a particular "Guidelines sentencing *range*" to determine the sentence. *Freeman*, 564 U.S. at 539 (emphasis added). The agreement's references to the guidelines show that the parties had not agreed on a guidelines range because they contemplated an eventual dispute over the proper range at the sentencing hearing. There was no guideline calculation worksheet attached to the agreement, as there was when we allowed a sentence reduction in *United States v. Smith*, 658 F.3d 608, 613 (6th Cir. 2011). The agreement did not cap the possible sentence at the top of a particular guidelines range or specify an "Agreed Guideline Range," as in *United States v. Garrett*, 758 F.3d 749, 751 (6th Cir. 2014). And Watts received a specific term of imprisonment far below even the revised guidelines range. That means his sentence is no more "based on" the guidelines than any sentence imposed under a Rule 11(c)(1)(C) agreement that does not depend on the guidelines themselves. Rather, his sentence is "based on" the agreement itself. Watts is therefore ineligible for relief under § 3582(c).

For these reasons, we affirm.