**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-30264 |
| Plaintiff-Appellee, | D.C. No. 4:10-cr-00014-RRB-1 |
| v. | |
| MICHAEL LEE DUNSHIE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted December 8, 2017[**]
Seattle, Washington

Before:  HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Defendant-Appellant Michael Dunshie appeals an order denying his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have jurisdiction under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we review de novo. *United States v. Spears*, 824 F.3d 908, 912 (9th Cir. 2016). We affirm.

The district court did not have jurisdiction to grant Dunshie's motion. Because Dunshie was sentenced after the district court accepted the parties' Rule 11(c)(1)(C) plea agreement, he is not eligible for relief under § 3582(c)(2) unless "the district court's 'decision to accept the plea and impose the recommended sentence' was 'based on the [U.S. Sentencing] Guidelines.'" *United States v. Davis*, 825 F.3d 1014, 1027 (9th Cir. 2016) (en banc) (quoting *Freeman v. United States*, 564 U.S. 522, 534 (2011) (plurality opinion)).

The record illustrates that the district court accepted the parties' plea agreement for reasons unrelated to the Guidelines. Although the district court briefly acknowledged the Guidelines at sentencing and permitted the parties to make Guidelines-based arguments, the Guidelines did not influence the sentence. *See id.* at 1023 n.9. In fact, at one point, the district court remarked "none of this really matters." Instead, the district court repeatedly emphasized that the sentence was a function of the plea agreement, which allowed Dunshie to avoid serious mandatory prison time for uncharged offenses. In exchange for Dunshie's plea, the government agreed not to prosecute Dunshie for firearms offenses including a violation of 18 U.S.C. § 924(c), which carries a mandatory five-year sentence

2

enhancement.  The government also agreed not to file an information under 21 U.S.C. § 851 regarding Dunshie's two prior felony drug convictions, which threatened a  mandatory minimum of ten years and the potential for a life sentence. *See* 21 U.S.C. § 841(b)(1)(B).  The looming specter of those penalties led the district court to conclude that "the plea agreement [was] a good one for [Dunshie]," even though the agreement recommended a sentence (10 years) that was significantly *higher* than the upper end of the Guidelines range for Dunshie's offense of conviction (71 months).  In short, the record reveals that the Guidelines did not inform the district court's decision to accept the plea agreement and impose the recommended sentence.

**AFFIRMED.**