# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30439
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TREMELL ARMSTEAD, also known as Mel Armstead,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-197-4

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Tremell Armstead, federal prisoner # 31567-034, is serving a 180-month prison sentence for conspiring to distribute and possess with intent to distribute one kilogram or more of heroin. He appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense levels in the drug quantity table of U.S.S.G. § 2D1.1(c).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30439

In his sole issue on appeal, Armstead argues that the district court erred in determining that it was not authorized to consider a § 3582(c)(2) sentence reduction where the sentence was imposed pursuant to a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) and not expressly tied to the Guidelines.  Specifically, he asserts that this court's adoption in *United States v. Benitez*, 822 F.3d 807 (5th Cir. 2016), of Justice Sotomayor's concurrence in *Freeman v. United States*, 564 U.S. 522 (2011), "is erroneous because it misapplies the rule for determining the holding of a fractured Supreme Court opinion, and because the rule it adopts is itself erroneous." Armstead acknowledges that this argument is foreclosed by circuit precedent, and he raises the issue to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.