**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRUCE LOWELL WILLIAMS,

    Defendant - Appellant.

No. 24-8034
(D.C. No. 1:20-CR-00076-ABJ-1)
(D. Wyo.)

———————————————————

**ORDER AND JUDGMENT***

———————————————————

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.

———————————————————

Bruce Lowell Williams, proceeding pro se,[1] seeks to reverse the district court's denial of his motion for compassionate release under 18

---

* The parties do not request oral argument, and it would not materially help us to decide this appeal. Appellee waived its right to file a brief. Accordingly, we have decided the appeal based on the record and the Appellant's brief. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Williams proceeds pro se, we construe his pleadings liberally; however, we will not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also United States v. Hald*, 8 F.4th 932, 949 n.10 (10th Cir. 2021).

U.S.C. § 3582(c)(1)(A). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

On August 4, 2020, Williams pleaded guilty to violating 18 U.S.C. § 922(g)(1) for possession of a firearm as a felon. On October 13, 2020, the district court sentenced Williams to ninety months of incarceration and three years of supervised release.

On April 15, 2024, Williams filed a third motion for a sentence reduction under § 3582(c)(1)(A), citing as extraordinary and compelling reasons for his release: (1) an undiagnosed lung problem, asthma, hypertension, contracting COVID-19 multiple times, and an overall deteriorating physical condition, (2) the Bureau of Prisons' (BOP) subpar response to the COVID-19 pandemic and conditions of confinement, and (3) his excellent disciplinary record and rehabilitation efforts.

On May 9, 2024, the district court denied the motion, noting that Williams failed to show extraordinary and compelling reasons warranting compassionate release because most of his allegations pertained to generalized, non-specific conditions of the COVID-19 pandemic, and his claims regarding rehabilitation were insufficient. The district court declined to consider additional factors under 18 U.S.C. § 3553(a) because

Williams had not established an extraordinary and compelling reason to justify a sentence reduction.

On appeal, Williams argues that the district court abused its discretion (1) by not examining his health and conditions of confinement during and after the pandemic or his efforts at rehabilitation; (2) failing to examine the "totality-of-circumstances test" or post-sentencing mitigating factors; and (3) failing to consider his "mitigating evidence" (i.e., his exhibits regarding the BOP's conditions of confinement). Op. Br. at 6–8.

## II

We review a district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013).

Generally, federal courts are forbidden from modifying a term of imprisonment once imposed, other than a few "narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (citing 18 U.S.C. § 3582(c)). Section 3582(c)(1), commonly termed compassionate release, is one of these exceptions and permits the district court to reduce the term of imprisonment only if three requirements are met. *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). The district court must:

3

(1) find whether "extraordinary and compelling reasons warrant a sentence reduction"; (2) find whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission"; and (3) "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id.* (quoting *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)) (internal quotation marks omitted) (emphasis and alteration in original). The district court can deny the motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking" and end the analysis without addressing the other steps. *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

Turning to Williams's arguments on appeal, we conclude that he fails to present a clear or compelling argument showing how or why the district court abused its discretion in denying his motion for compassionate release.

First, the district court properly found that Williams's medical conditions did not—either alone or in the aggregate—meet the Sentencing Guidelines' definition[2] of an extraordinary and compelling medical

---

[2] The district court may look to Guideline § 1B1.13 for guidance in assessing what constitutes an "extraordinary and compelling" reason. *United States v. Guerrero*, No. 22-3053, 2022 WL 16646565, at *3 (10th Cir. Nov. 3, 2022) (unpublished). The Sentencing Guidelines, although advisory,

condition warranting release. The district court determined that Williams's medical conditions neither substantially diminish his ability to provide self-care within the correctional facility nor require long-term or specialized medical care.

Williams does not challenge this conclusion on appeal. Rather, he focuses his argument on the "inhumane treatment" of incarcerated people by the BOP during the pandemic (i.e., "excessive [lockdowns] or bologna sandwiches three times a day for almost two whole years"). Op. Br. at 7–8. This argument, which pertains to his conditions of confinement, does not establish that the district court erred in finding that Williams only presented "generalized grievances with the level of medical staffing and concerns about some afforded treatment options." R. I at 155. Thus, the district court's factual finding was not clearly erroneous.

---

define "extraordinary and compelling reasons" to include the following: (1) certain terminal, debilitating, or specialized medical conditions; (2) the defendant is 65 years or older and meets other requirements; (3) the defendant's family has specified needs for a caregiver; (4) the defendant becomes a victim of sexual or physical abuse while incarcerated; (5) the defendant presents a combination of circumstances listed above; and (6) the defendant received an unusually long sentence and has served at least ten years. U.S.S.G. § 1B1.13(b)(1)–(4). A qualifying medical condition is one that "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

Second, the district court properly determined that non-specific allegations of pandemic-imposed prison conditions fail to establish an extraordinary and compelling reason for compassionate release. As the district court correctly noted, Williams failed to distinguish his own conditions from those of his fellow inmates or show why he was at a greater health risk at the prison where he is housed, especially when the COVID-19 national emergency ended on April 10, 2023. *See* Act of Apr. 10, 2023, Pub. L. No. 118-3, 137 Stat. 6 (2023).

Finally, the district court correctly found that Williams, who is fully vaccinated, failed to demonstrate he has "issues or maladies that will place him at greater risk if he contracts COVID-19." R. I at 158; *see also Hemmelgarn*, 15 F.4th at 1032 (concluding the district court did not abuse its discretion in denying a motion for a sentence reduction because, among other things, the movant was receiving treatment for his medical conditions during the pandemic).

Ultimately, Williams's medical conditions and concerns about COVID-19 did not establish extraordinary and compelling reasons for his release. As a result, the district court did not err when it determined that it did not need to address his record of rehabilitation or the § 3553(a) factors. *McGee*, 992 F.3d at 1043.

### III

Accordingly, we **AFFIRM** the district court's denial of Williams's motion for compassionate release. We **GRANT** Williams's motion to proceed on appeal in forma pauperis.

Entered for the Court

Richard E.N. Federico
Circuit Judge