FILED
United States Court of Appeals
Tenth Circuit

December 3, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAVERTISE ANTWION CUDJOE,

Defendant - Appellant.

No. 24-6128
(D.C. No. 5:06-CR-00248-R-3)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT*
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Lavertise Cudjoe, proceeding pro se, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

In 2006, Cudjoe was indicted in a multi-defendant, 85-count indictment targeting gang, drug, and gun activity in Oklahoma City, Oklahoma. He pleaded guilty to two counts: participating in a drug

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

conspiracy (21 U.S.C. § 846) and possession of a firearm in furtherance of a drug-trafficking crime (18 U.S.C. § 924(c)), and he has been in custody since 2006. In 2009, following a successful direct appeal challenging the length of his original sentence, Cudjoe was resentenced from 420 months to 360 months in federal prison.

On January 23, 2024, Cudjoe filed a motion for sentence reduction (the Motion) in the United States District Court for the Western District of Oklahoma. The Motion seeks a sentence reduction from 360 months to 240 months' imprisonment under § 3582(c)(1)(A), generally known as compassionate release.

Five days after the United States filed its response, the district court denied the Motion. In doing so, the district court concluded that Cudjoe had not presented any extraordinary and compelling reasons to warrant a reduction of his sentence. Confirming that it was not simply evaluating Cudjoe's sentence at the time it was imposed, the district court noted that Cudjoe's rehabilitation efforts were "commendable." R. I at 355. Nonetheless, it determined that the § 3553(a) factors did not favor a sentence reduction. In support, it cited the conduct underlying Cudjoe's convictions, describing them as "serious offenses that warrant a substantial sentence"; his criminal history, noting "a prior conviction for murder"; and

his disciplinary record, observing "several" acts of misconduct that included assaulting another inmate. *Id*.

After the district court denied the Motion, Cudjoe filed a request seeking an extension of time to file a reply brief. He argued that he was prejudiced by the denial of the Motion before he could file a reply brief and respond to the Government's arguments. The district court granted Cudjoe leave to file a reply brief. Cudjoe then filed a motion to reconsider, which functioned like a reply brief and countered the arguments raised by the Government in its response brief to the Motion. The district court denied the motion to reconsider, explaining that Cudjoe had merely realleged the same arguments that had already been rejected.

Cudjoe now timely appeals. He raises two arguments on appeal: (1) that the district court erred by not allowing him to file a reply brief "before making a ruling" on his Motion; and (2) that the "§ 3553(a) factors are not frozen in time" at the time of sentencing and should have been applied "at the time of filing for compassionate release." Op. Br. at 3.

## II

We review for an abuse of discretion a district court's denial of a motion for compassionate release. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). An abuse of discretion occurs if a district court

makes "an incorrect conclusion of law or a clearly erroneous finding of fact." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013).

Generally, federal courts lack authority to modify a term of imprisonment once imposed, other than a few "narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (citing § 3582(c)). Section 3582(c)(1), or compassionate release, is one of these recognized exceptions. It permits a district court to reduce the term of imprisonment if three requirements are met. *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). To apply the requirements, a district court is directed to (1) find whether "extraordinary and compelling reasons warrant such a reduction,"[1] *id.*; (2) find whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," *id.*; and (3) consider

---

[1] The district court may look to Guideline § 1B1.13 for guidance in assessing what constitutes an "extraordinary and compelling" reason. Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254, 28259 (May 3, 2023) ("Congress directed the Commission to 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" (quoting 28 U.S.C. § 994(t))). The Sentencing Guidelines, although advisory, define "extraordinary and compelling reasons" to include the following: (1) certain terminal, debilitating, or specialized medical conditions; (2) the defendant is 65 years or older and meets other requirements; (3) the defendant's family has specified needs for a caregiver; (4) the defendant becomes a victim of sexual or physical abuse while incarcerated; (5) the defendant presents a combination of circumstances listed above; or (6) the defendant received an unusually long sentence and has served at least ten years. U.S.S.G. § 1B1.13(b)(1)–(4).

"any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case," *id.* (alteration in original) (quoting *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)).

To prevail on a compassionate release motion, a defendant must satisfy all three requirements. A district court, however, may end its analysis if it concludes "any of the three prerequisites" is absent. *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

## III

Turning to Cudjoe's two arguments on appeal, we conclude the district court correctly denied Cudjoe's Motion. We reject both arguments he raises on appeal.

First, as to the filing of a reply, Cudjoe does not address the fact that the district court specifically granted him leave to file a reply, after he had complained that the district court ruled on the Motion too quickly. In response to the district court allowing him to file a reply, he filed a motion to reconsider, and the district court considered and then denied that motion to reconsider. Cudjoe fails to explain why the filing of a reply, as opposed to the motion to reconsider, would have made any difference. In any event, the

5

district court did not abuse its discretion. To the contrary, it expressly granted Cudjoe leave to file a reply brief and then reviewed his motion to reconsider, ensuring all Cudjoe's arguments were considered.

Second, as to the "§ 3553(a) factors" not being "frozen in time," Op. Br. at 3, we agree with Cudjoe's premise that a district court should consider a defendant's behavior and circumstances during the time of imprisonment. We reached this conclusion in *United States v. Bradley*, 97 F.4th 1214, 1218 n.3 (10th Cir. 2024), holding that district courts may deny compassionate release under § 3553(a) only after considering the extraordinary and compelling reasons proffered by the defendant since the time the defendant was sentenced, not simply at the time of sentencing itself. In *Bradley*, we ruled that the district court properly considered the full range of the defendant's conduct and behavior. *Id.* at 1222–23. Our review of the sentencing transcript in *Bradley* showed that the district court did, in fact, consider the defendant's rehabilitation and good behavior. *See id.* at 1222 (explaining that "the district court carefully considered the post-sentencing changes of fact marshalled by [the defendant] in his compassionate release motion").

The same is true here, and we affirm for the same reason. The district court made specific findings regarding Cudjoe's rehabilitation, while also noting his disciplinary record while in prison.

6

**IV**

Accordingly, we **AFFIRM** the district court's denial of Cudjoe's motion for compassionate release.

Entered for the Court

Richard E.N. Federico
Circuit Judge