**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-11977

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MARCELO MARQUISE JETER,

a.k.a. Marcelo Marquise Jeter,
a.k.a. Cello,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cr-80088-RS-2

————————————————

Before NEWSOM, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Marcelo Jeter, a federal prisoner proceeding *pro se,* appeals the denial of his motion for sentence reduction in light of a retroactive amendment that reduced his guidelines range pursuant to 18 U.S.C. § 3582(c)(2).  He argues that the district court abused its discretion in denying his motion and erroneously concluded that he was ineligible for a sentencing reduction because, in calculating the amended guidelines range, the court improperly considered the base offense level from his presentence investigation report ("PSI"), rather than using the agreed-upon lower offense level in his plea agreement.

The government moves for summary affirmance, arguing that the district court properly concluded that Jeter was ineligible for a sentence reduction because the recommended sentence and base offense level in the plea agreement were not binding on the district court, and Jeter's 186-month sentence was already below the amended guidelines range.  Jeter opposes the motion, arguing that (1) the government waived the argument that the recommendations in the plea agreement were not binding because it failed to raise the argument below, and (2) regardless, the recommendations in the plea agreement were adopted by the district court when it imposed the recommended sentence and are therefore binding when determining the amended guidelines range.  After review, we grant the government's motion.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where,

as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review *de novo* whether a defendant is eligible for a § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). However, we review a district court's denial of a § 3582(c) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). The "district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination," makes clearly erroneous factual findings, or "commits a clear error of judgment." *Id.* at 911–12 (quotations omitted).

In 2021, Jeter pleaded guilty, pursuant to a written plea agreement, to two drug-related charges. The plea agreement provided that, "[a]lthough not binding on the probation office or the [c]ourt, the parties [would] jointly recommend" that Jeter's base offense level be 32 and that he receive a sentence of 186 months' imprisonment. Nevertheless, the plea agreement stated that the district court was responsible for computing the guidelines range, and the court was not bound by the recommendations. The probation office determined that Jeter's base offense level was 39 and that he had a criminal history category of III based on a total of five criminal history points. Two

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*) (holding that all decisions from the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981, are "binding as precedent in the Eleventh Circuit").

of those five criminal history points resulted from the application of U.S.S.G. § 4A1.1(d) because Jeter had committed the underlying offenses while on probation. The resulting advisory guidelines range was 324 to 405 months' imprisonment.

At sentencing, the district court accepted the guidelines calculation in the PSI over several objections by Jeter, and the court also explained that it did not have to accept the parties' recommended sentence of 186 months. The district court, however, ultimately accepted the joint recommendation as to the appropriate sentence and sentenced Jeter to 186 months' imprisonment.

On November 1, 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S.S.G. supp. to app. C, amend. 821 (2023). As relevant here, that amendment applies retroactively and provides that additional criminal history points are not assessed for committing an offense while under a criminal justice sentence unless the defendant receives seven or more points for prior sentences. *See id.*; *see also* U.S.S.G. § 4A1.1(e) (2024). Under the amended guidelines, Jeter would not have scored any additional criminal history points under § 4A1.1(d) and would have had only three criminal history points, resulting in a lower criminal history category of II. A criminal history category of II when combined with the PSI's base offense level of 39, produced a lower advisory guidelines range of 292 to 365 months' imprisonment. *See* U.S.S.G. ch. 5. pt. A, Sentencing Table.

As a result of the amendment, Jeter filed a *pro se* § 3582(c)(2) motion for a sentence reduction. Instead of using the guidelines calculations from his PSI, however, he asserted that his amended guidelines range was based on an offense level of 32 (as recommended in the plea agreement) and the reduced criminal history category of II. The government opposed the reduction, arguing that Jeter was ineligible for a reduction because the district court had already sentenced him below the amended guidelines range of 292 to 365 months' imprisonment based on the offense level of 39 in the PSI and the revised criminal history category of II. The district court denied Jeter's motion in a paperless order, explaining that Jeter was "not eligible for a sentence reduction under Amendment 821 because he was sentenced below the amended guideline range." Jeter filed a motion for reconsideration, arguing that his plea agreement fell under Federal Rule of Criminal Procedure 11(c)(1),[2] which meant that the recommended offense level of 32 in his plea agreement was binding and must be used to calculate his amended guidelines range. The district court denied the motion in a paperless order.

With this background in mind, we turn to the government's motion for summary affirmance. Generally, a court "may not modify a term of imprisonment once it has been imposed." *See*

---

[2] In a Rule 11(c)(1)(C) plea agreement, the government and the defendant agree upon a sentencing recommendation or request that "binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C). In contrast, a Rule 11(c)(1)(B) plea agreement involves an agreed upon sentencing recommendation that "does not bind the court." *Id*. R. 11(c)(1)(B).

18 U.S.C. § 3582(c). However, § 3582(c)(2) permits a district court to reduce a term of imprisonment if the defendant was sentenced based on a guidelines range "that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(2). The applicable policy statements to which § 3582(c)(2) refers include U.S.S.G. § 1B1.10(b)(2), which provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). The only exception to this rule is if the defendant's original sentence was less than the applicable guidelines range as a result of the government filing a substantial assistance motion. *Id.* § 1B1.10(b)(2)(B). In that case, "a reduction comparably less than the amended guideline range . . . may be appropriate." *Id.*

Here, the district court did not abuse its discretion in denying Jeter's § 3582(c)(2) motion. Jeter was ineligible for a reduction because his sentence of 186 months' imprisonment was already below the amended guidelines range of 292 to 365 months' imprisonment. *See id.* § 1B1.10(b)(2)(A). Jeter's below-guidelines sentence of 186 months was not based on a motion for substantial assistance; therefore, the exception in § 1B1.10(b)(2)(B), which permits a sentence below the amended guidelines range based on a § 3582(c)(2) motion, did not apply. *Id.* § 1B1.10(b)(2)(B).

Jeter argues that under the Supreme Court and this Court's precedent, the fact that the district court adopted the plea agreement's recommended sentence should be understood to mean that it also adopted the recommended guideline range. But the cases Jeter relies on dealt with a Rule 11(c)(1)(C) plea agreement, under which, if the court accepts the plea, the agreed-upon sentence is binding on the court. *See Freeman v. United States*, 564 U.S. 522, 527 (2011) ("This case concerns the application of [§ 3582(c)(2)] to cases in which defendants enter into plea agreements under Rule 11(c)(1)(C)."). Jeter characterizes his own plea agreement as a binding Rule 11(c)(1)(C) plea agreement, but his contention is belied by the record.[3] The plea agreement clearly stated that the parties' joint recommendations as to the offense level and the sentence itself were not binding on the probation office or the district court, and the court again advised Jeter of this information at sentencing. Furthermore, the record confirms that the district court adopted the PSI and calculated Jeter's initial

---

[3] Although Jeter argues that the government waived the contention that the recommendations in the plea agreement were not binding because it failed to raise that argument below, we disagree. Jeter did not assert in his § 3582(c) motion that the plea agreement recommendations were binding. Instead, he merely asserted without expressly referencing the plea agreement that the district court had "imposed a sentence of 186 months at the high-end of Level 32, Category III" and with the reduced range "a high-end sentence at level 32, Category II, would be 166 months." By arguing in response that Jeter's amended guidelines range was 292 to 365 months' imprisonment based on an offense level of 39 and a criminal history category of II (*i.e.*, the calculations from the PSI), the government implicitly argued that the plea agreement recommendations were not binding.

guidelines range based on the offense level of 39 in the PSI not the recommended level of 32 in the plea agreement. Consequently, Jeter's arguments that the district court miscalculated the amended guidelines range and that he is entitled to a reduction under § 3582(c)(2) fail.

Accordingly, because the government's position is clearly correct as a matter of law, we **GRANT** the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.