NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 17a0068n.06

No. 16-5205

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jan 26, 2017

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Western |
| MARIO SEYMOUR, | ) | District of Tennessee |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____/ | ) | |

**Before: GUY, CLAY, GRIFFIN, Circuit Judges**

**RALPH B. GUY, JR., Circuit Judge.** Defendant, Mario Seymour, appeals the district court's order denying his motion for reduction of sentence. We affirm.

**I.**

Defendant pleaded guilty to conspiring to manufacture and distribute cocaine base, cocaine, and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846. The plea agreement called for a sentence of 151 months. Defendant's presentence report (PSR) calculated his offense level as 36 and his criminal history category as II, for a guidelines range of 210 to 262 months. The parties stipulated an offense level of 32. The district court "utiliz[ed] the sentencing guidelines as advisory" to arrive at an offense level of 34 and a guidelines

range of 168 to 210 months. The district court accepted the plea agreement, finding that it "provide[d] a[n] appropriate sentence," and sentenced defendant to 151 months' imprisonment.

The United States Sentencing Commission retroactively amended U.S.S.G. § 2D1.1(c), which specifies offense levels for drug quantities, in November 2014. U.S. Sentencing Guidelines Manual, Supplement to Appendix C, Amendment 782 (2014). Defendant moved to reduce his sentence under 18 U.S.C. § 3582(c) in light of Amendment 782. The district court denied the motion. It wrote that under the revised guidelines, defendant's range would be 168 to 210 months – "lower [sic – higher] than the imposed sentence of 151 months" – and thus "not . . . appropriate pursuant to U.S.S.G. § 1B1.10(b)(2)(A) because the term of imprisonment cannot be less than the minimum of the amended guideline range without a reduction pursuant to § 5K1.1[.]" Defendant appealed.

## II.

Although we generally review a district court's decision to modify a sentence under § 3582 for an abuse of discretion, where the district court finds a defendant ineligible for a reduction under § 3582, we review that determination *de novo*. *United States v. Valentine*, 694 F.3d 665, 669 (6th Cir. 2012).

## III.

A district court may modify an imposed term of imprisonment where it sentenced a defendant based on a sentencing range the Sentencing Commission subsequently

lowered. 18 U.S.C. § 3582(c)(2). The district court may reduce the sentence, after considering the applicable 18 U.S.C. § 3553 factors, only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In considering a reduction, the district court follows *Dillon*'s two-step inquiry: "A court must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010); *accord Valentine*, 694 F.3d at 669.

The Supreme Court has ruled – albeit fractiously – that district courts may reduce at least some sentences imposed pursuant to plea agreements. *Freeman v. United States*, 564 U.S. 522, 530 (2011). The plurality opinion held that an agreed-upon sentence in a plea agreement "does not discharge the district court's independent obligation to exercise its discretion" to find "that such sentence is an appropriate sentence within the applicable guideline range or, if not, that the sentence departs from the applicable guideline range for justifiable reasons." *Id*. at 529. Accordingly, the plurality held, any plea agreement sentence a district court accepts is inherently "based on the Guidelines" and may be reduced under § 3582. *Id*. at 529-30; *see also* U.S.S.G. § 6B1.2(c) (a district court may accept a plea agreement sentence only if it is within the guideline range or justifiably outside it).

Justice Sotomayor's concurrence, however, "provid[es] the framework that governs the [§ 3582 eligibility] inquiry" in this circuit. *United States v. McNeese*, 819

F.3d 922, 927 (6th Cir. 2016).   This approach looks solely to the terms of the plea agreement, and permits a § 3582 reduction only where the agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range" or "provide[s] for a specific term of imprisonment . . . [and] make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Freeman*, 564 U.S. at 538-39 (Sotomayor, J., concurring).

Applying this approach, we have "unequivocally held that [a] defendant's sentence – for purposes of [§ 3582(c)(2)] – is based on a guideline range *only when* that guideline range is *explicitly* referenced in a plea agreement." *McNeese*, 819 F.3d at 927 (internal quotations omitted).   Defendant's plea agreement makes no reference to his guideline range or any aspect of the sentencing guidelines other than a brief stipulation for drug quantity.   This stipulated gross base offense level of 32 is not an explicit reference to the guideline range or the sentencing guidelines.   Indeed, the stipulated offense level is different from defendant's calculated Total Offense Level of 36.   And, unlike in *Freeman*, defendant here did not "agree[] to have his sentence determined pursuant to the Sentencing Guidelines." *Freeman*, 564 U.S. at 542 (Sotomayor, J., concurring).   Far from being based on a guideline range, the plea agreement merely states, "The parties agree that an appropriate sentence in th[is] case is 151 months."

We cannot accept defendant's argument that a guideline range "led directly to [his plea agreement] sentence" without an explicit reference to a guideline range in the plea agreement.   To do so would require us to engage in a "free-ranging search through the

parties' negotiating history in search of a Guidelines sentencing range that might have been relevant," in direct contravention of *McNeese* and *Freeman*. *McNeese*, 819 F.3d at 928 (quoting *Freeman*, 564 U.S. at 538 (Sotomayor, J., concurring)).

Because the plea agreement did not base defendant's sentence on a guideline range, the district court lacked authority to modify it. *See* 18 U.S.C. § 3582(c)(2). The district court therefore properly denied defendant's motion for reduction of sentence.

**AFFIRMED.**