**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4666**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL QUEEN,

Defendant - Appellant.

**No. 17-4704**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SOUFIAN AMRI,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:17-cr-00050-LMB-1; 1:17-cr-00050-LMB-2)

Submitted: September 28, 2018                    Decided: October 4, 2018

Before MOTZ, AGEE and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cary Citronberg, ZWERLING/CITRONBERG, PLLC, Alexandria, Virginia; Dontae L. Bugg, BUGG LAW FIRM PLLC, Fairfax, Virginia, for Appellants. Joseph Attias, National Security Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Tracy Doherty-McCormick, Acting United States Attorney, Gordon D. Kromberg, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Soufian Amri and Michael Queen appeal their convictions and resulting 24-month sentences imposed following a bench trial on conspiracy, in violation of 18 U.S.C. § 371 (2012), obstruction of justice, in violation of 18 U.S.C. § 1512(b)(3) (2012), and false statements, in violation of 18 U.S.C. § 1001(a) (2012). On appeal, Amri and Queen challenge the district court's reliance on evidence outside the stipulated record and the sufficiency of the evidence underlying their convictions, along with the district court's decisions to deny Amri's motion to suppress and to apply a Sentencing Guidelines enhancement for the federal crime of terrorism pursuant to U.S. Sentencing Guidelines Manual § 3A1.4(a) (2016).

"This Court reviews evidentiary rulings for an abuse of discretion and will only overturn an evidentiary ruling that is arbitrary and irrational." *United States v. Cone*, 714 F.3d 197, 219 (4th Cir. 2013) (internal quotation marks omitted). Furthermore, "[e]videntiary rulings are subject to harmless error review." *United States v. McLean*, 715 F.3d 129, 143 (4th Cir. 2013). To find an error harmless, "we need only say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Id.* (internal quotation marks omitted).

We first conclude that the district court did not err when it cited Amri's education level and business background in its memorandum opinion. We reject the contention that this constitutes a structural error and find any such error harmless in light of the stipulated

evidence. Relatedly, we conclude that the stipulated evidence sufficiently supported each of the convictions.

Next, we consider Amri's challenge to the denial of his motion to suppress. When reviewing a district court's decision on a motion to suppress, we examine "the court's factual findings for clear error" and "its legal conclusions de novo." *United States v. Kehoe*, 893 F.3d 232, 237 (4th Cir. 2018) (internal quotation marks omitted). Based on our independent review of the record, we perceive no error in the district court's ruling.

Regarding the sentences imposed, we review any sentence, "whether inside, just outside, or significantly outside the Guidelines range," through a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We must first "ensure that the district court committed no significant procedural error." *Id.* at 51. "If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). "Federal sentencing law requires the district judge in every case to impose 'a sentence sufficient, but not greater than necessary, to comply with' the purposes of federal sentencing, in light of the Guidelines and other [sentencing] factors." *Freeman v. United States*, 564 U.S. 522, 529 (2011) (quoting 18 U.S.C. § 3553(a) (2012)).

Nonetheless, "it is unnecessary to vacate a sentence based on an asserted guidelines calculation error if we can determine from the record that the asserted error is harmless." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.), *cert. denied*, 138 S. Ct. 208 (2017). "To apply this 'assumed error harmlessness inquiry' we require (1) knowledge

4

that the district court would have reached the same result even if it had decided the guidelines issue the other way and (2) a determination that the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." *Id.* (internal quotation marks omitted).

Regarding the first prong, the record makes clear that the district court would have imposed the same sentence on Queen and Amri absent the disputed sentence enhancement. Indeed, the district court observed that the terrorism enhancement "threw the guidelines into outer space," and the court essentially disregarded the enhancement during the sentencing phase. (J.A. 397).[*] Rather, the district court imposed on Queen a "variant sentence" well below the Guidelines range because the "guidelines [were] way too high given [Queen's] background and given the actual things" he did. (J.A. 409). Similarly, the district court imposed on Amri a sentence far below the Guidelines range because the terrorism enhancement made the range "ridiculous in terms of what is involved in this particular case." (J.A. 424-25, 431-32).

Regarding the second prong, we find the 24-month sentences imposed on Queen and Amri substantively reasonable. The district court adequately explained its sentences as required under § 3553(a). The district court detailed the reasons compelling the sentences, namely the need for deterrence and the serious nature of the offenses. Because the district court made it clear that it would have given Queen and Amri the same sentence

---

[*] "J.A." refers to Joint Appendix.

if the terrorism enhancement did not apply and the sentences imposed were substantively reasonable, any alleged Guidelines calculation error is harmless.

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*