FILED
United States Court of Appeals
Tenth Circuit

August 1, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ADAN MOLINA,

Defendant-Appellant.

No. 11-3048
(D.C. No. 5:09-CR-40041-JAR-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Adan Molina's plea agreement. We grant

the government's motion and dismiss the appeal.

Mr. Molina pleaded guilty to conspiracy to possess with the intent to

distribute and dispense 500 grams or more of a mixture containing a detectable

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

amount of methamphetamine.  Pursuant to the plea agreement, Mr. Molina

"knowingly and voluntarily waive[d] any right to appeal or collaterally attack any

matter in connection with [his] prosecution, [ ] conviction, or the components of

the sentence to be imposed," provided that the sentence was "within the guideline

range determined appropriate by the court."  Plea Agreement at 10.  The district

court determined that Mr. Molina's advisory guideline range was life

imprisonment, which was the sentence it imposed.  Tr. Sentencing Hr'g. at 95, 99.

Notwithstanding his appeal waiver, Mr. Molina has filed a notice of appeal

seeking to challenge his sentence.  The government has filed this motion to

enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315

(10th Cir. 2004) (en banc) (per curiam).  We apply a three prong test to determine

if an appeal waiver is enforceable, asking "(1) whether the disputed appeal falls

within the scope of the waiver of appellate rights; (2) whether the defendant

knowingly and voluntarily waived his appellate rights; and (3) whether enforcing

the waiver would result in a miscarriage of justice."  *Id.* at 1325.  A miscarriage

of justice will result if (1) "the district court relied on an impermissible factor

such as race"; (2) "ineffective assistance of counsel in connection with the

negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds

the statutory maximum"; or (4) "the waiver is otherwise unlawful."  *Id.* at 1327

(quotation omitted).

*Scope of the Waiver.* Mr. Molina states in his docketing statement that he intends to claim on appeal that the district court erred in calculating the amount of methamphetamine for sentencing purposes. In his objection to enforcing the plea agreement, he states that he also seeks to challenge the procedural and substantive reasonableness of his sentence. He argues these claims are outside the scope of his appeal waiver.

Mr. Molina's proposed challenges to the district court's calculation and determination of his sentence are clearly within the scope of his appeal waiver. Mr. Molina expressly waived the right to appeal "the components of the sentence to be imposed," and agreed that the applicable guideline range would be the "guideline range determined appropriate by the court." Plea Agreement at 10. To hold the appeal waiver does not encompass alleged sentencing errors "would nullify the waiver based on the very sort of claim it was intended to waive." *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007).

Mr. Molina also asserts that he has newly retained counsel who has not yet determined the issues he will raise on appeal, and thus it is premature to enforce the waiver because he may ultimately raise issues that are outside the scope of his waiver. His argument is without merit. We have explained that one purpose of an appellate waiver is to save the government the cost of prosecuting an appeal. *See Hahn*, 359 F.3d at 1325. To declare the motion premature goes against that purpose, as well as Tenth Circuit Rules 27.2(A)(1)(d), 27.2(A)(3)(b), and 27.2(C),

which permit the government to file a motion to enforce an appeal waiver within 20 days of the transmittal of the record, before the opening brief is due, thus suspending the appellate briefing schedule. *See also Hahn*, 359 F.3d at 1328 (ruling that the government is not required to brief an appeal until after its motion to enforce is ruled upon). Thus, the government's motion to enforce the appeal waiver does not prematurely seek to resolve this appeal. Counsel's failure to identify the issues on appeal does not make the government's motion to enforce premature.

Mr. Molina fleetingly asserts that he "believes the Government breached the terms of the plea agreement by taking positions and making arguments at sentencing that were contrary to the stipulations." Resp. at 5. To determine whether the government breached a plea agreement, we must "examine the nature of the promise" and "evaluate the promise in light of the defendant's reasonable understanding of the promise at the time of the guilty plea." *United States v. Burke*, 633 F.3d 984, 994 (10th Cir. 2011) (internal quotations marks omitted), *cert. denied*, 131 S.Ct. 2130 (Apr. 18, 2011). Mr. Molina's governmental-breach argument is completely unsupported by any reference to the plea agreement provision that he believes was breached or to the government's alleged positions or arguments that he believes violated this unidentified provision. His conclusory allegation, unsupported by any specifics, is insufficient for our consideration of this argument.

-4-

*Knowing and Voluntary.* At his plea hearing, the district court asked Mr. Molina if he understood that he was "agreeing to give up [his] rights to appeal issues concerning the prosecution, conviction or sentence" in his case, to which Mr. Molina answered "Yes." Tr. Change of Plea Hr'g, at 9-10. Mr. Molina now contends he did not knowingly and voluntarily waive his appellate rights. He claims the district court's explanation of the waiver was ambiguous because "the use of the conjunction 'or' gave the appearance that he was waiving but one of the issues regarding his plea from among the prosecution, conviction and sentence." Resp. at 9. He argues the court should have explained that he was waiving the right to challenge the prosecution, conviction *and* sentence.

This argument is patently frivolous. No reasonable interpretation of the conjunction "or" in Mr. Molina's appeal waiver or in the court's explanation of the waiver at the plea colloquy would suggest that Mr. Molina was waiving "but one of the issues."

Finally, Mr. Molina argues that this court cannot evaluate whether it would be a miscarriage of justice to enforce the appeal waiver until it has viewed his opening brief and reviewed the full record. As already noted, the government is permitted to file a motion to enforce an appeal waiver before the opening brief is due. *See* Tenth Cir. Rules 27.2(A)(1)(d) and 27.2(A)(3)(b). The "[d]efendant bears the burden to demonstrate that enforcing the waiver would result in a

-5-

miscarriage of justice." *United States v. Leyva-Matos*, 618 F.3d 1213, 1217 (10th Cir. 2010).  In response to the government's motion, Mr. Molina fails to suggest any basis for concluding it would be a miscarriage of justice to enforce his appeal waiver; thus, he has not met this burden.

Based upon our review of the motion, the record and Mr. Molina's response, we conclude that Mr. Molina's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. Accordingly, we GRANT the motion to enforce the appeal waiver and DISMISS the appeal.  Appellant's motion to strike *Anders* brief is DENIED as moot and Mark Bennett's motion to withdraw as counsel is GRANTED.

ENTERED FOR THE COURT

PER CURIAM