**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ADAN MOLINA,

    Defendant - Appellant.

No. 23-3229
(D.C. No. 5:09-CR-40041-JAR-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

    Adan Molina, a federal prisoner proceeding pro se, appeals the district court's denial of his request for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In 2010, the government charged Molina with 59 counts for his acts in leading a large drug-distribution organization. A few days into Molina's trial, he agreed to plead guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). His relevant conduct included 1.5 kilograms of actual methamphetamine and 24.14 kilograms of a mixture containing methamphetamine. The district court sentenced Molina to life imprisonment—the sentence advised by the Guidelines given his total-offense level of 44 (reduced to the sentencing table's maximum level 43). Molina appealed, but we enforced his appellate waiver and dismissed his appeal. *See United States v. Molina*, 432 F. App'x 744, 745 (10th Cir. 2011) (unpublished).

In 2023, Molina filed a motion for compassionate release. In this motion, Molina claimed extraordinary and compelling reasons to warrant a reduction.[1]

---

[1] Molina again seeks to challenge his base-offense level, an argument which the district court has rejected repeatedly. In 2014, the Sentencing Commission retroactively reduced the base-offense levels for methamphetamine. *See* U.S.S.G. § 1B1.10 cmt. n.6 (describing Amendment 782). Because the retroactive change reduced Molina's base-offense level from 38 to 36, he filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2). In ruling on Molina's motion, the district court noted that, with the retroactive two-level reduction, Molina's total-offense level would be 42 (reduced from 44) and his Guidelines range would be "360 months to life imprisonment" (reduced from life imprisonment). *United States v. Molina*, No. 09-40041-01, 2015 WL 5825124, at *1 (D. Kan., Oct 6, 2015). But, after weighing the § 3553(a) factors, the court denied Molina's motion because the court "would nonetheless sentence Molina at the high end of the amended Guidelines range

(*footnote continued*)

The district court denied his motion after determining that no extraordinary and compelling reasons supported compassionate release. *United States v. Molina*, No. 9-40041-01, 2023 WL 6927313, *4 (D. Kan. Oct. 19, 2023). In doing so, the district court considered and applied the 18 U.S.C. § 3553(a) factors. *Id.* at *4–5. Molina timely appealed.

## STANDARD OF REVIEW

We review a district court's order denying a § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (quoting *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)).

---

of 360 months to life, resulting in a life sentence." *Id.* at *3. In his compassionate-release motion, Molina inappropriately challenged his base-offense level on this same basis. *United States v. Molina*, No. 09-40041-01, 2023 WL 6927313, at *3 (D. Kan., Oct. 19, 2023) ("As the Court previously found, under the Amended Guidelines, Molina's base offense level . . . is 36."). The court maintained that it would still sentence Molina to life imprisonment. *Id.* at *5.

Molina advances other arguments, including that the Guidelines are arbitrary and violate his Sixth Amendment rights. But Molina must show that his arguments are supported by a change in the law. *See* U.S.S.G. § 1B1.13(b)(6). In 2023, the Sentencing Commission amended the Guidelines' policy statement governing compassionate release. *Id.* § 1B1.13. The amended statement provides that a district court may consider "a change in the law," if such change creates a gross disparity between the defendant's sentence and the sentence he would receive after the change. *Id.* § 1B1.13(b)(6). Because no circuit court nor the Supreme Court has interpreted the drug Guidelines as Molina wishes, his compassionate-release motion on this ground lacks merit.

## DISCUSSION

Federal courts are generally forbidden from modifying a term of imprisonment after it has been imposed. *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). But this "rule of finality is subject to a few narrow exceptions," including when a defendant moves for a sentence reduction under § 3582(c)(1) for compassionate release. *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman*, 564 U.S. at 526).

District courts follow a three-step test in evaluating compassionate-release motions. *Id.* at 831 (citations omitted). First, the court "must find whether extraordinary and compelling reasons warrant a sentence reduction." *Id.* (cleaned up). Second, the court "must find whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (cleaned up). And third, the court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case."[2] *Id.* (cleaned up). District

---

[2] The § 3553(a) factors are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence" to "reflect the seriousness of the offense," deter future crime, protect the public, and effectively provide the defendant with treatment; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established" for the offense at the time of sentencing; (5) certain policy statements issued by the Sentencing Commission; (6) "the

(*footnote continued*)

courts may deny a compassionate-release motion on any of the three steps without addressing the others. *United States v. Hald*, 8 F.4th 932, 942–43 (10th Cir. 2021) (quoting *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021)).

On appeal, Molina argues that the district court abused its discretion in finding no extraordinary and compelling reasons and in ruling that the § 3553(a) factors weighed against a reduction. We review those arguments in turn.

District courts have discretion to "determine for themselves what constitutes 'extraordinary and compelling reasons.'" *Maumau*, 993 F.3d at 832 (citing § 3582(c)(1)(A)). But that discretion "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In 2023, after we decided *Maumau*, the Sentencing Commission updated its policy statements governing compassionate release, as provided in U.S.S.G. § 1B1.13.

In finding no extraordinary and compelling reason, the district court first rejected Molina's arguments that our caselaw has changed the Guidelines. *Molina*, 2023 WL 6927313, at *3. The court reasoned that the amount of methamphetamine "was properly attributed to Molina as relevant conduct,

---

need to avoid unwarranted sentencing disparities" among similarly situated defendants; and (7) the need for victim restitution. 18 U.S.C. § 3553(a).

which is permissible under the Sentencing Guidelines." *Id.* And the court noted that Molina's Guidelines range "do[es] not run afoul of the Tenth Circuit's" precedents. *Id.* Then the court "commend[ed] Molina on his rehabilitation efforts," but the court noted that "it is well settled that rehabilitation alone is not an extraordinary and compelling reason for compassionate release." *Id.* at *4. Finally, the court ruled that Molina's "strong family support and age of 43" do not provide a "sufficiently extraordinary and compelling reason[] to reduce [his] sentence." *Id.*

The district court also determined that the 18 U.S.C. § 3553(a) factors weighed against compassionate release. *Id.* at *5. In weighing the factors, the district court focused on Molina's "serious felony offense," his "possessing a firearm during" that offense, and his leadership role to conclude that "[r]educing Molina's sentence by any amount of time would not reflect the seriousness of the offense," "provide just punishment," or "protect the public." *Id.*

The district court acted within its discretion in denying Molina's compassionate-release motion: Molina has identified no change in the law to support his motion, *see* U.S.S.G. § 1B1.13(b)(6); and the court properly weighed the § 3553(a) factors. Those factors require the court to consider "the whole of the defendant's person, character, and crimes," *United States v. Smith*, 756 F.3d 1179, 1184 (10th Cir. 2014), including "post-conviction conduct," *United States v. Lente*, 759 F.3d 1149, 1168 (10th Cir. 2014). Because the

district court considered both Molina's rehabilitative efforts and his offense conduct to conclude that his life sentence is still appropriate, we affirm.

## CONCLUSION

For all these reasons, we affirm the district court.

Entered for the Court

Gregory A. Phillips
Circuit Judge